

### STATE OF NEW YORK
### OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF SOCIAL JUSTICE
CHARITIES BUREAU

212.416.6172
Catherine.Suvari@ag.ny.gov

June 24, 2022

**Via Certified Mail**

Peter Brimelow
Chairman
VDare Foundation, Inc.
276 Cacapon Road
Berkeley Springs, West Virginia 25411

Re: *VDare Foundation*

Dear Mr. Brimelow:

Enclosed please find a courtesy copy of the subpoena *duces tecum* served on VDare Foundation, Inc. earlier today via personal delivery to the Secretary of State for New York. Please feel free to contact me to discuss the subpoena's requests once you have had an opportunity to review.

Sincerely,

*/s/ Catherine Suvari*

Catherine Suvari
Assistant Attorney General

Encl.

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL
------------------------------------------------------------------

**To:**    Custodian of Records                           **AFFIDAVIT OF SERVICE**
VDARE Foundation, Inc.
447 South Street
Litchfield, CT 06759

------------------------------------------------------------------

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF ALBANY     )

**Donald C. Anselment**, being duly sworn, deposes and says that he is over eighteen years of age and is employed by the New York State Attorney General's Office.  Deponent served the attached **Subpoena Duces Tecum** on VDARE FOUNDATION by personally delivering two true copies thereof to the Offices of the Secretary of State at 99 Washington Avenue, One Commerce Plaza, Suite 600, Albany, New York, at 11:20 a.m. on June 24, 2022, and there leaving said copies with Nancy Dougherty (BDS2) in the office of the Secretary of State.  Service was made in this manner pursuant to the provisions of Section 306 of the Not-For-Profit Law.

Donald C. Anselment
Investigator

Sworn to before me this
24 day of June 2022

NOTARY PUBLIC-STATE OF NEW YORK

**MARK E. RUDD**
Notary Public, State of New York
Qualified in Rensselaer County
Commission Expires June 08, 20 23



STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL
28 LIBERTY STREET
NEW YORK, NEW YORK 10005

### *SUBPOENA DUCES TECUM*
### THE PEOPLE OF THE STATE OF NEW YORK

To:    Custodian of Records
       VDARE Foundation, Inc.
       447 South Street
       Litchfield, CT 06759

YOU ARE HEREBY COMMANDED, pursuant to the laws of the State of New York and all business and excuses being laid aside, to produce to the Office of the Attorney General of the State of New York, Letitia James, 28 Liberty Street, New York, New York 10005, in accordance with the Instructions and Definitions below, any and all documents requested in the attached Schedule that are in Your possession, custody or control, including documents in the possession, custody and control of entities that You own or control in whole or in part. Your production of documents in response to this subpoena should be addressed to the attention of Catherine Suvari, Assistant Attorney General, Charities Bureau, and may be submitted by mail or electronic mail provided it is received by **July 25, 2022**, or any agreed upon adjourned date thereafter.

PLEASE TAKE NOTICE that the Attorney General deems the documents and testimony requested by this subpoena to be relevant and material to an investigation and inquiry undertaken in the public interest.

PLEASE TAKE FURTHER NOTICE that disobedience of this subpoena by failing to deliver the documents and information requested in the attached schedule on the date, time and place stated above or any agreed adjourned date and time may subject VDARE Foundation, Inc. ("VDARE") to prosecution under New York law.

PLEASE TAKE FURTHER NOTICE that VDARE shall immediately implement a litigation hold preserving all documents relating to the subject matter of this subpoena, including all documents concerning the specific documents demanded herein. VDARE shall also issue document preservation letters for all documents relating to the subject matter of this subpoena to the following individuals: Peter Brimelow, Lydia Brimelow, John Brimelow, Scott McConnell, John O'Sullivan, Joseph (Joe) Fallon, John Wall, T.M. Byxbee Company, P.C., and Labyrinth, Inc. (Additional subpoenas may follow.)

**WITNESS, the Honorable Letitia James,** Attorney General of the State of New York, this 23rd day of June, 2022.

By: */s/ Catherine Suvari*

Catherine Suvari
Assistant Attorney General, Charities Bureau
Catherine.Suvari@ag.ny.gov
(212) 416-6172

## SCHEDULE

### A. Instructions

1. Please produce the Documents described in Section C of this schedule, in the accordance with the Instructions (Section A), Definitions (Section B) and Format (Section D) described below.

2. <u>Time Frame.</u> Except as otherwise noted, this subpoena applies to all Documents in effect, created, recorded, compiled, transmitted or received from **January 1, 2016 through the present** (the "Relevant Period").

3. <u>Continuing Obligation.</u> The obligation to produce Documents pursuant to this Subpoena is a continuing one. Responsive Documents located any time after a response is due or submitted shall be promptly produced at the place and in the manner specified herein.

4. All Documents shall be produced either as kept in the ordinary course of business or with an accompanying cover letter that includes a description of the Documents being produced and their contents, the source from which the Documents have been produced, and the number(s) of the request(s) in Section C to which each Document produced is responsive.

5. <u>Documents No Longer in Your Possession.</u> If any Document requested was formerly in Your possession, custody or control but is no longer available or no longer exists, submit a statement in writing and under oath that: (i) describes in detail the nature of the Document and its contents; (ii) identifies the person who prepared the Document; (iii) identifies all persons who have seen or had possession of the Document; (iv) specifies the date on which the Document was prepared, transmitted or received; (v) specifies the date on which the Document became unavailable; (vi) specifies the reason why the Document is unavailable, including whether it has been misplaced, lost, destroyed or transferred, and, if it has been destroyed or transferred, specifies the conditions of and reasons for such destruction or transfer and the persons who requested and performed the destruction or transfer; and (vii) identifies all persons with knowledge of any portion of the contents of the Document.

6. <u>Privilege.</u> If any Document requested is withheld on the ground of privilege or other legal doctrine, submit with the production a statement in writing and under oath (e.g., a privilege log) that provides, for each Document withheld: (i) a description of the nature of the Document and its contents; (ii) the date of the Document; (iii) the Document's authors and recipients; and (iv) the legal ground for withholding it from production. If the legal ground is attorney-client privilege, please also indicate the names of the attorneys involved in the Document and the nature of their involvement (e.g., as authors). Such statement (or log) shall accompany each production. Further, for each Document withheld pursuant to this paragraph, the relevant production shall include placeholder pages equivalent in number to the page-length of the withheld Document.

7. <u>Format for Production.</u> Unless otherwise specified and agreed to by the Office of the Attorney General, responsive Documents shall be produced in electronic form in

accordance with the instructions and criteria set forth in Section D and Attachment 1 below.

8. <u>Certification.</u> In order for Your response to this subpoena to be complete, it must include a completed version of the attached Certification. In accordance with CPLR 3122-a, the Certification must be sworn in the form of an affidavit and subscribed by a qualified witness charged with the responsibility for maintaining the records, stating in substance that (a) s/he is the duly authorized custodian or other qualified witness and has the authority to make the certification; (b) to the best of his/her knowledge, after reasonable inquiry, the records or copies thereof are accurate versions of the documents described in this subpoena that are in Your possession, custody, or control; (c) to the best of his/her knowledge, after reasonable inquiry, the records or copies produced represent all the documents described in this subpoena, or if they do not represent a complete set of the documents subpoenaed, an explanation of which documents are missing and a reason for their absence is provided; and (d) the records or copies produced were made by the personnel or staff of the business, or persons acting under their control, in the regular course of business, at the time of the act, transaction, occurrence or event recorded therein, or within a reasonable time thereafter, and that it was the regular course of business to make such records.

## B. Definitions

1. "All" shall mean "each and every."

2. "And" and "or" shall be construed disjunctively or conjunctively, as necessary to bring within the scope of a request all responses and Documents that might otherwise be deemed outside the scope of that request.

3. "Any" shall mean "any and all."

4. "Communications" shall refer to any oral, written, in person, or any other form of relay, transmission, or transference of information by any means whatsoever including but not limited to by way of mail, computer, telephone, cellular or mobile phone, voice mail, electronic mail, radio, video, sound recordings, television, telefax, telex, social media, or any other medium, and shall include any Document that abstracts, digests, transcribes, records, or reflects any of the foregoing.

5. "Concerning" or "relating to" shall mean concerning, relating to, referring to, referencing, describing, evidencing, or constituting, either directly or indirectly and in whole or in part.

6. "Documents" is used in the broadest sense of the term and shall mean all records and other tangible media of expression of any nature, including: originals, drafts or finished versions; annotated or nonconforming or other copies, however created, produced or stored (manually, mechanically, electronically or otherwise); electronic mail ("email"), instant messages, Blackberry or other wireless device messages; voicemail; books, papers, files, notes, correspondence, memoranda, reports, records, journals, summaries, registers, account statements, analyses, plans, manuals, policies, telegrams, faxes, wires,

telephone logs, telephone messages, or message slips; minutes, notes, records or transcriptions of conversations, communications or meetings; video and audio tapes; disks and other electronic media; microfilm, microfiche; storage devices; press releases; contracts, agreements; calendars, date books, appointment books and diaries; notices and confirmations. A draft or non-identical copy is a separate Document. Documents existing in electronic form shall include all items that may have been removed from the email accounts, directories or other locations in which they are ordinarily stored to any other servers, folders, files, archives, or backup devices, whether or not deleted.

7.  "VDARE", "You", or "Your" shall mean VDARE Foundation, Inc. and (i) any of its directors, officers, agents, employees, consultants, representatives, attorneys, and other persons acting on its behalf, (ii) any predecessors, successors, parent corporations, subsidiaries, divisions, assigns, "d/b/a" names, and affiliates, including Lexington Research Institute, and (iii) any entities that, directly or indirectly, control, are controlled by, or are under common control with VDARE Foundation, Inc., including by possessing, directly or indirectly, the power to direct or cause the direction of VDARE Foundation, Inc.'s management and policies, whether through membership, the ownership of voting securities, by contract, or otherwise.

8.  The singular form of any word shall include the plural and vice versa.

9.  Any word used but not defined in this Schedule shall be construed consistently with its common meaning.

## C. Documents to be Produced

1.  Copies of VDARE's certificates of incorporation, certificates of amendment, by-laws, any Documents related to all "d/b/a" names, and any annual reports, <u>from 1999 through the present</u>.

2.  Copies of the two most recent IRS Form 990s filed by VDARE with the Internal Revenue Service.

3.  Copies of the transcripts to each deposition taken in the litigations between Peter Brimelow and/or VDARE and the New York Times, and all documents produced by VDARE and/or Brimelow in connection with those proceedings.

4.  Documents sufficient to Identify (i) the names and addresses of VDARE's current and former employees, their titles, and their dates of employment; (ii) VDARE's current and former volunteers, their titles, and their dates of service; (iii) VDARE's current and former independent contractors and their dates of service; and (iv) VDARE's current and former officers and directors, their titles, and the period during which they held their positions.

5.  All minutes of any meetings convened by the full VDARE Board of Directors or any committee thereof <u>from 1999 through the present</u>.

6.  All Documents circulated for Board consideration or review.

7.  All Documents concerning (i) compensation, including salary, wages, expense reimbursements, royalties, fees, bonuses, deferred compensation, pension and retirement

funds paid to any Officers and/or Directors; (ii) reimbursements or payments made to any Officer and/or Directors of or for travel-related expenses (e.g., automobile purchases or leases, fuel, tolls, parking, and non-automobile transportation such as air and subway fare); (iii) insurance benefits (e.g., medical, dental, automobile, life, malpractice and disability) paid to any Officers and/or Directors; (iv) vacation pay, and/or vacation, sick, and personal leave time or payment therefor paid to any Officers and/or Directors; (v) severance pay or benefits paid to any Officers and/or Directors; (vi) any other payment or reimbursement paid to any Officers and/or Directors for services performed by them on behalf of VDARE, including any solicitation of funds; and (vii) all forms W-2 and 1099 issued to any Officers and/or Directors.

8. Documents reflecting any solicitation of funds on VDARE's behalf, in any format, e.g., hard copy mailers or solicitations or online fundraising such as GoFundMe or Kickstarter.

9. All VDARE written policies, manuals, and/or procedures, including all policies related to conflicts of interest.

10. All Documents concerning or relating to setting, directing, paying, or adjusting any Officer's compensation.

11. All Documents concerning or relating to setting, directing, paying, or adjusting the compensation for Peter Brimelow, or any other employee, officer, director, consultant or vendor of VDARE.

12. All Documents concerning or reporting conflicts of interest "required to be disclosed annually" as set forth in responses to Question 12(b) on Part VI of VDARE's 2019 Form 990.

13. All Documents concerning or reflecting any effort by VDARE to "regularly and consistently monitor and enforce compliance with" the conflicts of interest policy as set forth in response to Question 12(c) on Part VI of VDARE's 2019 Form 990.

14. All Documents concerning or reflecting the purchase of 276 Cacapon Road, Berkeley Springs, West Virginia by or on behalf of VDARE.

15. All Documents concerning or reflecting any representation to the State of West Virginia, the Town of Bath, West Virginia, or the County of Morgan, West Virginia regarding the taxation and/or use of 276 Cacapon Road, Berkeley Springs, West Virginia for charitable purposes.

16. All Documents concerning VDARE events (recorded or live) conducted at or broadcast from the 276 Cacapon Road, Berkeley Springs, West Virginia property, including all Communications (including emails and text messages), all records of any sales made during the event(s), and Documents sufficient to account for all funds received and disbursed because of such events.

17. All Documents concerning VDARE events (recorded or live) scheduled to be conducted at or broadcast from the 276 Cacapon Road, Berkeley Springs, West Virginia property, including all Communications (including emails and text messages) and Documents sufficient to account for all funds received and disbursed because of such scheduled events.

6

18. All Documents recording, reporting, considering or addressing conflicts of interest as reported on Schedule O of any IRS 990 form.

19. All director and officer insurance policies and any Documents relating to claims made on such policies.

20. Any claims for indemnification or defense by officers or directors upon VDARE.

21. All financial records of VDARE, including its books and records, general ledger, bank statements, credit card statements, debit card statements and receipts, copies of checks (front and back), canceled checks, account opening Documents, and Communications.

22. Documents sufficient to identify VDARE's bank accounts, credit card accounts, website accounts, and accounts with credit card processing.

23. Documents sufficient to identify all persons who have or had access to and/or control of VDARE's bank accounts, credit card accounts, website accounts, and accounts with credit card processing.

24. All audits, reports, reviews, corrective action plans or correspondence (including emails and text messages) issued to VDARE by any accounting firm or auditor, administrator, monitor, or any local, state, or federal agency or governmental or administrative entity.

25. Copies of any orders, judgments, cease and desist letters, or other Documents issued by any governmental entity or court regarding any alleged or confirmed wrongdoing, and any written settlement agreements executed in connection with the same.

26. Documents sufficient to identify any personal or business relationship between any current or former officer, director, or employee of VDARE, on the one hand, and any officer, director, employee, or contractor of VDARE, on the other hand.

27. All Communications between VDARE and the IRS, or between VDARE and any other local or state taxation authority.

28. All Communications between VDARE and any state or federal agency.

29. All Communications between VDARE and any of its accountants or auditors.

30. All Communications by VDARE or any of its agents regarding the Berkeley Castle Foundation, including all emails and text messages exchanged by VDARE, its principals, or agents, and any copies of any documents filed with any state or federal agency by VDARE or its agent on behalf of Berkeley Castle Foundation, Inc.

31. All Communications by VDARE or any of its agents regarding the BBB, LLC, including all emails and text messages exchanged by VDARE, its principals, or agents, and any copies of any documents filed with any state or federal agency by VDARE or its agent on behalf of BBB, LLC.

32. All records of transactions between BBB LLC and VDARE including books and records, general ledger, bank statements, credit card statements, copies of checks (front and back), canceled checks, and Communications.

33. All records of transactions between Berkeley Castle Foundation, Inc. and VDARE including its books and records, general ledger, bank statements, credit card statements, copies of checks (front and back), canceled checks, and Communications.

7

34. Copies of BBB LLC's certificates of incorporation, certificates of amendment, by-laws, any Documents related to all "d/b/a" names, and any annual reports from BBB's incorporation to the present, in the custody and control of VDARE, its principals, or its agents.

35. Copies of Berkeley Castle Foundation, Inc. certificates of incorporation, certificates of amendment, by-laws, any Documents related to all "d/b/a" names, and any annual reports, from Berkeley Castle Foundation's incorporation to the present, in the custody and control of VDARE, its principals, or its agents.

36. All records relating to real estate transactions between VDARE and Berkeley Castle Foundation, including all contracts, agreements, promissory notes, mortgages, loan documents, deeds, deeds of trust, property value assessments, title searches, title insurance, other insurance agreements, inspections, and Communications.

37. All records relating to real estate transactions between VDARE and Berkeley Springs Castle, LLC, including all contracts, agreements, promissory notes, mortgages, loan documents, deeds, deeds of trust, property value assessments, title searches, title insurance, other insurance agreements, inspections, and Communications.

38. All records relating to real estate transactions between VDARE and BBB, LLC, including all contracts, agreements, promissory notes, mortgages, loan documents, deeds, deeds of trust, property value assessments, title searches, title insurance, other insurance agreements, inspections, and Communications.

39. All records of renovations, improvements, construction, landscaping, or any other work done since February 14, 2020, on the real property described in the February 14, 2020 deed between Berkeley Springs Castle, LLC, and VDARE. Such records shall include without limitation all invoices, contracts, estimates, bids, requests for bids, copies of checks (front and back), and Communications.

40. All records concerning the October 16, 2021 "Castle Auction," including all Communications (including emails and text messages), all records of sales made, copies of checks (front and back), valuations of auction items, and Documents sufficient to account for all funds received and disbursed because of the Auction.

41. All records of and Communications concerning any loans VDARE made to Berkeley Castle Foundation, including promissory notes, mortgages, deeds of trust, agreements, records of repayment, copies of checks (front and back), bank statements, email, and text correspondence.

42. All records of and correspondence concerning any loans VDARE made to BBB, LLC, including promissory notes, mortgages, deeds of trust, agreements, records of repayment, copies of checks (front and back), bank statements, email, and text Communications.

43. All records of and Communications concerning any loans Peter or Lydia Brimelow (individually or collectively) made to VDARE, including promissory notes, mortgages, deeds of trust, agreements, records of repayment, copies of checks (front and back), bank statements, email, and text correspondence.

44. All records of and correspondence concerning any loans VDARE made to Peter or Lydia Brimelow (individually or collectively), including promissory notes, mortgages, deeds of

8

trust, agreements, records of repayment, copies of checks (front and back), bank statements, email, and text Communications.

**D. Format for Production**

Unless otherwise specified and agreed to by the Office of the Attorney General, all responsive documents must be produced in Concordance format in accordance with the following instructions.

1. <u>Concordance Production Components</u>. A Concordance production consists of the following component files, which must be produced in accordance with the specifications set forth below in Section 2:

   - *Metadata Load File*
   - *Extracted or OCR Text Files*
   - *Single-Page Image Files*
   - *Opticon Load File*
   - *Native Files.*

2. <u>Production File Requirements</u>.

   A. ***Metadata Load File***
   - Required file format:
     - UTF-8
     - .dat file extension
     - Field delimiter: (ASCII decimal character 20)
     - Text Qualifier: þ (ASCII decimal character 254). Multiple value field delimiter: ; (ASCII decimal character 59)

   - The first line of the metadata load file must list all included fields. All required fields are listed in Attachment 1.

   - Fields with no values must be represented by empty columns maintaining delimiters and qualifiers.

   - ***Note:*** All documents must have page-level Bates numbering (except documents produced only in native format, which must be assigned a document-level Bates number). The metadata load file must list the beginning and ending Bates numbers (BEGDOC and ENDDOC) for each document.

   - Accepted date formats:
     - mm/dd/yyyy
     - yyyy/mm/dd
     - yyyymmdd

   - Accepted time formats:

▪   hh:mm:ss (if not in 24-hour format, You must indicate am/pm)
▪   hh:mm:ss:mmm

B.  *Extracted or OCR Text Files*

- You must produce individual document-level text files containing the full extracted text for each produced document.

- When extracted text is not available (for instance, for image-only documents) You must provide individual document-level text files containing the document's full OCR text.

- The filename for each text file must match the document's beginning Bates number (BEGDOC) listed in the metadata load file.

- Text files must be divided into subfolders containing no more than 5000 files.

C.  *Single-Page Image Files (Petrified Page Images)*

- Where possible, all produced documents must be converted into single-page tagged image format ("TIF") files. See Section 7.E below for instructions on producing native versions of documents You are unable to convert.

- Image documents that exist only in non-TIF formats must be converted into TIF files. The original image format must be produced as a native file as described in Section 7.E below.

- For documents produced only in native format, You must provide a TIF placeholder that states "Document produced only in native format."

- Each single-page TIF file must be endorsed with a unique Bates number.

- The filename for each single-page TIF file must match the unique page-level Bates number (or document-level Bates number for documents produced only in native format).

- Required image file format:
  - CCITT Group 4 compression
  - 2-Bit black and white
  - 300 dpi
  - Either .tif or .tiff file extension.

- TIF files must be divided into subfolders containing no more than 5000 files. Documents should not span multiple subfolders, a document with more than 5000 pages should be kept in a single folder.

11

D. *Opticon Load File*

- Required file format:
  - Field delimiter: , (ASCII decimal character 44)
  - No Text Qualifier
  - .opt file extension

- The comma-delimited Opticon load file must contain the following seven fields (as indicated below, values for certain fields may be left blank):

  - ALIAS or IMAGEKEY – the unique Bates number assigned to each page of the production.
  - VOLUME – this value is optional and may be left blank.
  - RELATIVE PATH – the filepath to each single-page image file on the production media.
  - DOCUMENT BREAK – defines the first page of a document. The only possible values for this field are "Y" or blank.
  - FOLDER BREAK – defines the first page of a folder. The only possible values for this field are "Y" or blank.
  - BOX BREAK – defines the first page of a box. The only possible values for this field are "Y" or blank.
  - PAGE COUNT – this value is optional and may be left blank.

- *Example*:

  ABC00001,,IMAGES\0001\ABC00001.tif,Y,,,2
  ABC00002,,IMAGES\0001\ABC00002.tif,,,,
  ABC00003,,IMAGES\0002\ABC00003.tif,Y,,,1
  ABC00004,,IMAGES\0002\ABC00004.tif,Y,,,1

E. *Native Files*

- Non-printable or non–print friendly documents (including but not limited to spreadsheets, audio files, video files and documents for which color has significance to document fidelity) must be produced in their native format.

- The filename of each native file must match the document's beginning Bates number (BEGDOC) in the metadata load file and the original file extension.

- For documents produced only in native format, You must assign a single document-level Bates number and provide an image file placeholder that states "Document produced only in native format."

- The relative paths to all native files on the production media must be listed in the NATIVEFILE field of the metadata load file.

12

- Native files that are password-protected must be decrypted prior to conversion and produced in decrypted form.

- You may be required to supply a software license for proprietary documents produced only in native format.

3. <u>Production Folder Structure</u>. The production must be organized according to the following standard folder structure:
   - data\ (contains production load files)
   - images\ (contains single-page TIF files, with subfolder organization)
     - \0001, \0002, \0003...
   - natives\ (contains native files, with subfolder organization)
     - \0001, \0002, \0003...
   - text\ (contains text files, with subfolder organization)
     
     \0001, \0002, \0003...

4. <u>De-Duplication</u>. You must perform global de-duplication of stand-alone documents and email families.

5. <u>Paper or Scanned Documents</u>. Documents that exist only in paper format must be scanned to single-page TIF files and OCR'd. The resulting electronic files should be produced in Concordance format pursuant to these instructions. You must contact the Assistant Attorney General whose telephone number appears on the Notice to discuss (i) any documents that cannot be scanned, and (ii) how information for scanned documents should be represented in the metadata load file.

6. <u>Structured Data</u>. Structured data includes but is not limited to relational databases, transactional data, and xml pages. Spreadsheets are not considered structured data. You must first speak to the Assistant Attorney General whose telephone number appears on the Notice.

   <u>Relational Databases</u>
   - Database tables should be provided in d or other machine-readable, non-proprietary format, with each table in a separate data file. Each data file must have an accompanying data dictionary that explains the meaning of each column name and explains the values of any codes used.
   - Dates and numbers must be clearly and consistently formatted and, where relevant, units of measure should be explained in the data dictionary.
   - Records must contain clear, unique identifiers, and the data dictionary must include explanations of how the files and records relate to one another.

13

7.  <u>Media and Encryption</u>. All document sets over 2 GB must be produced on CD, DVD, or hard-drive media. All production media must be encrypted with a strong password, which must be delivered independently from the production media. Document sets under 2 GB may be delivered electronically. The OAG offers a secure cloud storage option that can be set up to receive media on a one-time basis, or the OAG will download media from the providing parties' server.

**ATTACHMENT 1**
**Required Fields for Metadata Load File**

| FIELD NAME | FIELD DESCRIPTION | FIELD VALUE EXAMPLE[1] |
|---|---|---|
| BEGDOC | Bates number assigned to the first page of the document. | ABC0001 |
| ENDDOC | Bates number assigned to the last page of the document. | ABC0002 |
| BEGATTACH | Bates number assigned to the first page of the parent document in a document family (*i.e.*, should be the same as BEGDOC of the parent document, or PARENTDOC). | ABC0001 |
| ENDATTACH | Bates number assigned to the last page of the last child document in a family (*i.e.*, should be the same as ENDDOC of the last child document). | ABC0008 |
| PARENTDOC | BEGDOC of parent document. | ABC0001 |
| CHILDDOCS | List of BEGDOCs of all child documents, delimited by ";" when field has multiple values. | ABC0002; ABC0003; ABC0004... |
| COMMENTS | Additional document comments, such as passwords for encrypted files. | |
| NATIVEFILE | Relative file path of the native file on the production media. | .\Native_File\Folder\...\BEGDOC.ext |
| TEXTFILE | Relative file path of the plain text file on the production media. | .\Text_Folder\Folder\...\BEGDOC.txt |
| SOURCE | For scanned paper records this should be a description of the physical location of the original paper record. For loose electronic files this should be the name of the file server or workstation where the files were gathered. | Company Name, Department Name, Location, Box Number... |
| CUSTODIAN | Owner of the document or file. | Firstname Lastname, Lastname, Firstname, User Name; Company Name, Department Name... |
| FROM | Sender of the email. | Firstname Lastname < FLastname @domain > |
| TO | All to: members or recipients, delimited by ";" when field has multiple values. | Firstname Lastname < FLastname @domain >; Firstname Lastname < FLastname @domain >; ... |
| CC | All cc: members, delimited by ";" when field has multiple values. | Firstname Lastname < FLastname @domain >; Firstname Lastname < FLastname @domain >; ... |
| BCC | All bcc: members, delimited by ";" when field has multiple values | Firstname Lastname < FLastname @domain >; Firstname Lastname < FLastname @domain >; ... |

15

| SUBJECT | Subject line of the email. | |
|---|---|---|
| DATERCVD | Date and time that an email was received. | mm/dd/yyyy, yyyy/mm/dd, or yyyymmdd; hh:mm:ss AM/PM or hh:mm:ss |
| DATESENT | Date and time that an email was sent. | mm/dd/yyyy, yyyy/mm/dd, or yyyymmdd; hh:mm:ss AM/PM or hh:mm:ss |
| CALBEGDATE | Date that a meeting begins. | mm/dd/yyyy, yyyy/mm/dd, or yyyymmdd; hh:mm:ss AM/PM or hh:mm:ss |
| CALENDDATE | Date that a meeting ends. | mm/dd/yyyy, yyyy/mm/dd, or yyyymmdd; hh:mm:ss AM/PM or hh:mm:ss |
| ATTACHMENTS | List of filenames of all attachments, delimited by ";" when field has multiple values. | AttachmentFileName.; AttachmentFileName.docx; AttachmentFileName.pdf;… |
| NUMATTACH | Number of attachments. | |
| RECORDTYPE | General type of record. | IMAGE; LOOSE E-MAIL; E-MAIL; E-DOC; IMAGE ATTACHMENT; LOOSE E-MAIL ATTACHMENT; E-MAIL ATTACHMENT; E-DOC ATTACHMENT |
| FOLDERLOC | Original folder path of the produced document. | Drive:\Folder\...\...\ |
| FILENAME | Original filename of the produced document. | Filename.ext |
| DOCEXT | Original file extension. | html, xls, pdf |
| DOCTYPE | Name of the program that created the produced document. | Adobe Acrobat, Microsoft Word, Microsoft Excel, Corel WordPerfect… |
| TITLE | Document title (if entered). | |
| AUTHOR | Name of the document author. | |
| REVISION | Number of revisions to a document. | 18 |
| DATECREATED | Date and time that a document was created. | mm/dd/yyyy, yyyy/mm/dd, or yyyymmdd; hh:mm:ss AM/PM or hh:mm:ss |
| DATEMOD | Date and time that a document was last modified. | mm/dd/yyyy, yyyy/mm/dd, or yyyymmdd; hh:mm:ss AM/PM or hh:mm:ss |
| FILESIZE | Original file size in bytes. | |
| PGCOUNT | Number of pages per document. | |
| IMPORTANCE | Email priority level if set. | Low, Normal, High |
| MD5HASH | MD5 hash value computed from native file (a/k/a file fingerprint). | |
| SHA1HASH | SHA1 hash value | |
| MSGINDEX | Email message ID | |
| CONVERSATIONINDEX | Email Conversation Index | |

16

**Certification of Business Records**

State of _____ )
                 ) ss.:
County of _____ )

_____, being duly sworn, deposes and says:

1.  I am the duly authorized custodian or other qualified witness of the business records of
    _____.

    I am familiar with the business practices and procedures of _____
    and have the authority to make this certification.

2.  To the best of my knowledge, after reasonable inquiry, the records produced in response
    to the subpoena are accurate versions of the documents described in the subpoena that are
    in my possession, custody or control.

3.  To the best of my knowledge, after reasonable inquiry, the records represent all the
    documents described in the subpoena duces tecum except that the following documents
    are missing for the reason stated:

    _____

4.  The records produced were made by the personnel or staff of the business, or persons
    acting under their control, in the regular course of business, at the time of the act,
    transaction, occurrence or event recorded therein, or within a reasonable time thereafter,
    and it was the regular course of business to make such records.

Sworn to before me this ____

day of _____, 2022

_____
Notary Public

17