

**Office of the New York State Attorney General**

**Letitia James
Attorney General**

November 3, 2025

**Via ECF**

The Honorable Mae A. D'Agostino
United States District Court for the Northern District of New York
445 Broadway
Albany, New York 12207

      Re: *VDARE Foundation, Inc. v. James et al.*, No. 1:25-CV-0810 (MAD/ML)

Dear Judge D'Agostino,

This Office represents Defendants, New York State Attorney General Letitia James and Assistant Attorney General Richard Sawyer (Defendants), in the above-referenced matter. The undersigned respectfully submits this letter pursuant to Your Honor's Individual Rules and Practices seeking (1) leave to file a motion to dismiss Plaintiff's Complaint (ECF No. 1) (Complaint), and (2) requesting a pre-motion conference with the Court. Defendants' motion will argue that the Court lacks subject matter jurisdiction over this matter and Plaintiff fails to state a cause of action.

Plaintiff's Complaint raises causes of action against Defendants for First Amendment retaliation and Fourteenth Amendment selective enforcement pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendants selectively targeted Plaintiff and subjected it an abusive investigation, through issuance of an investigatory subpoena and subsequent enforcement proceeding, to silence it from engaging in, what Defendants consider, "hate speech." *See* Complaint ¶ 91.

The Honorable Mae A. D'Agostino
November 3, 2025
Page 2 of 3

In a motion to dismiss, Defendants intend to argue that this Court lacks subject matter jurisdiction over Plaintiff's claims under both the *Younger* abstention doctrine and the *Rooker-Feldman* doctrine. *Younger* abstention is appropriate because both the subpoena and enforcement proceeding are akin to a criminal prosecution, *see Trump v. James*, 2022 WL 1718951, at *8 (N.D.N.Y. May 27, 2022), and "there is (1) an ongoing state judicial proceeding that (2) implicates important state interests and (3) provides an adequate opportunity to raise federal challenges." *See Cavanaugh v. Geballe*, 28 F.4th 428, 432 (2d Cir. 2022) (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 81 (2013)). Application of the *Rooker-Feldman* doctrine is also appropriate in this action because the New York Supreme Court previously decided the issues raised by Plaintiff in this action and Plaintiff inherently complains of damages arising from that decision in this action. *See McKithen v. Brown*, 626 F.3d 143, 154 (2d Cir. 2010) ("[T]he *Rooker-Feldman* doctrine deprives a federal court of jurisdiction to consider a plaintiff's claim" and is "aimed at 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review of those judgments.'" (quoting *McKithen v. Brown*, 481 F.3d 89, 93 (2d Cir. 2007)).

The Complaint also fails to state a cause of action pursuant to the doctrine of collateral estoppel. The factual issues underlying Plaintiff's retaliation and selective-enforcement claims were actually litigated and resolved in the state court subpoena enforcement proceeding. Additionally, Plaintiff fails to state a selective-enforcement claim because the Complaint does not allege a sufficient comparison with others similarly situated. *See Jeanty v. Sciortino*, 669 F. Supp. 3d 96, 115 (N.D.N.Y. 2023) (recognizing a selective enforcement claim requires that a plaintiff show that he "was similarly situated in all material respects to the individuals with whom he seeks to compare himself" (quoting *Hu v. City of New York*, 927 F.3d 81, 96 (2d Cir. 2019)).

The Honorable Mae A. D'Agostino
November 3, 2025
Page 3 of 3

      For the foregoing reasons, Defendants respectfully request (1) leave to file a motion to dismiss Plaintiff's Complaint, and (2) a pre-motion conference with the Court.

                                                  Respectfully,

                                                  By: _____
                                                  Matthew J. Gallagher
                                                  Assistant Attorney General
                                                  Bar Roll No. 701111
                                                  Telephone: 518-776-2284
                                                  Email: Matthew.Gallagher@ag.ny.gov

CC:    All Attorneys of Record
        (*via ECF*)