Case 1:25-cv-00810-MAD-ML   Document 40-2   Filed 01/06/26   Page 1 of 9

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

----------------------------------------------------------------x

PEOPLE OF THE STATE OF NEW YORK, by
LETITIA JAMES, Attorney General of the
State of New York,

Index No. \_\_\_\_\_

**VERIFIED PETITION**

Petitioner,

-against-

VDARE FOUNDATION, INC.,

Respondent.

----------------------------------------------------------------x

Petitioner, the People of the State of New York by Letitia James, Attorney General of the State of New York, as and for its Petition, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1.      The Office of the Attorney General is presently conducting an investigation of Respondent VDARE Foundation, Inc. ("VDARE"), a not-for-profit corporation incorporated and registered to solicit in New York, pursuant to the New York Not for Profit Corporation Law, Estates, Powers and Trusts Law, Executive Law, and other applicable law governing New York State charities.

2.      Commencement of the Attorney General's investigation followed public reports that VDARE had purchased a medieval-style castle in West Virginia and that its founder and his family were residing in the castle.  The Attorney General then reviewed VDARE's regulatory filings, including the organization's IRS Form 990 and CHAR 500 official filings, and publicly available information regarding VDARE and its operation.

3.      On June 24, 2022, in connection with its investigation, the Attorney General served a subpoena *duces tecum* on VDARE that sought documents and information relating to,

1

Case 1:25-cv-00810-MAD-ML    Document 40-2    Filed 01/06/26    Page 2 of 9

*inter alia*, VDARE's governance, recent financial transactions, and regulatory disclosures (the "Subpoena"). To date, VDARE has produced only limited material from its hard copy files — heavily redacted without any corresponding log or legal justification — and has produced nothing from what it identifies as 40 gigabytes of potentially responsive electronic files.

4.    The Attorney General's investigation into potential misconduct by VDARE and its officers and directors will be irreparably harmed if VDARE is permitted to defy a lawfully issued subpoena.

5.    The Attorney General has attempted in good faith, unsuccessfully, to clarify the scope of its investigative demands and to address stated concerns from VDARE counsel regarding VDARE supporters and/or unpaid authors who choose to speak anonymously.

6.    The Attorney General now petitions this Court for an order: (i) compelling VDARE to comply without delay with the June 23, 2022 subpoena; (ii) ordering all documents produced to be unredacted (except for agreed upon redactions to donor and volunteer information); and (iii) granting such other and further relief as it deems just, proper, and appropriate.

**PARTIES**

7.    The Attorney General is responsible for overseeing the activities of New York not-for-profit corporations and the conduct of their officers and directors, in accordance with the New York Not for Profit Corporation Law, the New York Estates, Powers and Trusts Law, and the New York Executive Law.

8.    Respondent VDARE is a not-for-profit charitable organization organized under the laws of the State of New York and with its principal place of business in Berkeley Springs,

2

Case 1:25-cv-00810-MAD-ML Document 40-2 Filed 01/06/26 Page 3 of 9

West Virginia. VDARE has registered with the Attorney General's Office and submitted annual filings as part of that registration since 2009.

## JURISDICTION, APPLICABLE LAW, AND VENUE

9.     The Attorney General brings this special proceeding on behalf of the People of the State of New York pursuant to the New York Not for Profit Corporation Law, Estates, Powers and Trusts Law, Executive Law, and CPLR Article 4.

10.     Pursuant to N-PCL § 112 (b)(6), the Attorney General "may take proof and issue subpoenas in accordance with the civil practice law and rules" in connection with investigations of potential misconduct giving rise to the remedies set forth in N-PCL § 112(a).

11.     Pursuant to EPTL § 8-1.4(i), the Attorney General "may investigate transactions and relationships of trustees for the purpose of determining whether or not property held for charitable purposes has been and is being properly administered. The attorney general, his or her assistants, deputies or such other officers as may be designated by him or her, are empowered to subpoena any trustee, agent, fiduciary, beneficiary, institution, association or corporation or other witness, examine any such witness under oath and, for this purpose, administer the necessary oaths, and require the production of any books or papers which they deem relevant to the inquiry."

12.     Pursuant to Executive Law § 63(12), the Attorney General "is authorized to take proof and make a determination of the relevant facts and to issue subpoenas in accordance with the civil practice law and rules" in connection with investigations of potential repeated fraudulent or illegal acts.

13.     Pursuant to Executive Law § 175, the Attorney General "is authorized to take proof, issue subpoenas and administer oaths in the manner provided in the civil practice law and

3

Case 1:25-cv-00810-MAD-ML   Document 40-2   Filed 01/06/26   Page 4 of 9

rules" in connection with investigations of potential misconduct in violation of Article 7-A of the Executive Law, which concerns the solicitation and collection of funds for charitable purposes.

14. Venue is properly set in New York County pursuant to CPLR §§ 503, 505, and 509, because Petitioner is resident in New York County and has selected New York County, and because Petitioner is a public authority whose facilities involved in the action are located in New York County.

## FACTS

15. VDARE and its current and past board members are the subject of an ongoing investigation by the Attorney General concerning potential financial improprieties, including unlawful related party transactions between VDARE and affiliated entities, officers and board members, excessive compensation, private inurement, and violations of statutory and common law governance standards.

16. On June 24, 2022, the Attorney General personally served a subpoena *duces tecum* on VDARE by delivery to VDARE's designated agent for service, the Secretary of State of New York, in compliance with CPLR 311 and N-PCL § 306.  The Subpoena set a return date for production of documents of July 25, 2022.

17. On June 24, the Attorney General mailed a copy of the Subpoena, by U.S. Mail Certified Return Receipt to the address identified in VDARE's most recent annual filing with the Charities Bureau (276 Cacapon Road, Berkeley Springs, West Virginia 25411), together with a copy of the Affidavit of Service prepared by OAG Investigator Donald C. Anselment and a cover letter confirming the nature of the document.

4

Case 1:25-cv-00810-MAD-ML    Document 40-2    Filed 01/06/26    Page 5 of 9

18.     On July 2, VDARE counsel confirmed receipt of the Subpoena, requested that the Subpoena be withdrawn in its entirety, and requested information regarding, *inter alia*, the subject matter of the investigation and the relevance of the documents sought in the Subpoena.

19.     On July 18, 2022, counsel from the Attorney General's Office met telephonically with VDARE counsel.  During that call, VDARE counsel asked the OAG to provide information regarding the nature of the investigation and expressed concerns regarding certain requests, including requests that he believed were overbroad or called for production of documents protected by the attorney-client privilege.  OAG counsel responded to VDARE counsel's questions, with a reservation of rights, and identified concerns regarding: (1) the purchase and use of the castle; (2) benefits conferred upon VDARE principals; (3) whether the VDARE board is properly overseeing the finances of the organization; and (4) whether the organization is using charitable assets in accordance with its mission.  The OAG also stated that to the extent counsel believed that production would invade attorney-client privilege, the Subpoena did not seek privileged communications and expressly instructed counsel to withhold such documents and provide a privilege log.

20.     On July 20, 2022, VDARE counsel sent a second letter to the OAG, by which VDARE renewed its request that the Subpoena be withdrawn and set forth individual objections to many of the Subpoena's individual requests on the grounds of overbreadth, vagueness, attorney-client privilege, and that its requests sought the identities of VDARE readers, writers, and donors.

21.     On July 27, 2022, the Attorney General responded by email to the objections raised in VDARE's July 20 letter.  With a reservation of rights, counsel for the OAG attempted to address VDARE's concerns by clarifying individual Subpoena requests and agreeing that the

5

names of certain individuals, including VDARE contributors and volunteer supporters, could be redacted from otherwise responsive records.

22.     As of the date of this filing, the Attorney General has consented to extend the Subpoena's deadline for production no fewer than six times — most recently to December 12, 2022 — following requests by VDARE counsel that production be delayed to accommodate vacation, holidays, and other competing work obligations.  In total, the Attorney General's agreed adjournments extended the Subpoena's stated response deadline by approximately twenty weeks.

23.     VDARE began production in September 2022 and has produced approximately 6,000 pages from its hard copy records since.  It has redacted that material without offering any legal basis for individual redactions or any explanation for how material was chosen for redaction.  The redactions are extensive, and they have been applied across almost every category of document produced.

24.     The OAG has met with VDARE counsel, in person and by phone, on multiple occasions to discuss the Subpoena requests.  VDARE counsel has assured the OAG throughout that VDARE was working diligently to comply with the Subpoena.  The OAG has expressed concern over production delay in each of its contacts with VDARE counsel and has objected repeatedly to VDARE's continuing production of redacted material without any identified explanation of or legal basis for redaction.

25.     As of the date of this Petition, VDARE has identified 22 unique email accounts as containing potentially responsive material and has not produced any of those files for the Attorney General's review.

6

26. As of the date of this Petition, VDARE has refused to produce any log identifying the material in its production that it has redacted and the legal basis on which it is withholding the redacted information.

27. Accordingly, the Attorney General now asks the Court to issue appropriate orders pursuant to CPLR § 2308 to ensure that VDARE will promptly comply with the Attorney General's investigative requests.

## CLAIM FOR RELIEF
### Compelling Subpoena Compliance – CPLR § 2308

28. The Attorney General repeats and re-alleges the preceding paragraphs, as though fully set forth herein.

29. The Subpoena was issued pursuant to a legally-authorized investigation for which there is a factual basis, and the requests in the Subpoena are reasonably related to that investigation.

30. VDARE has interposed no cognizable basis for delaying or withholding responsive document productions to the Attorney General.

31. As a result, VDARE should be ordered to comply with the Subpoena without further delay.

WHEREFORE, Petitioner respectfully requests that a judgment and order be entered: (i) compelling VDARE to comply without delay with the June 23, 2022 subpoena; (ii) ordering all documents produced to be unredacted (except for agreed upon redactions to donor and volunteer information); and (iii) granting such other and further relief as it deems just, proper, and appropriate.

7

Case 1:25-cv-00810-MAD-ML    Document 40-2    Filed 01/06/26    Page 8 of 9

Dated: New York, New York
December 16, 2022

LETITIA JAMES
Attorney General of the State of New York

By: _James G. Sheehan_

James G. Sheehan
Yael Fuchs
Catherine Suvari
28 Liberty Street
New York, New York 10005
(212) 416-8490
James.Sheehan@ag.ny.gov

8

Case 1:25-cv-00810-MAD-ML    Document 40-2    Filed 01/06/26    Page 9 of 9

## VERIFICATION

STATE OF NEW YORK      }
                        } ss.:

COUNTY OF NEW YORK   }

JAMES G. SHEEHAN, being duly sworn, deposes and says:

I am an Assistant Attorney General in the office of Letitia James, Attorney General of the State of New York (the "Attorney General"). I am duly authorized to make this Verification.

I have read the foregoing petition and am acquainted with the contents thereof based upon the Office of the Attorney General's review of the facts alleged in the petition and the investigative materials contained in the files of the Attorney General's office. To my knowledge based on such acquaintance with the facts, the petition is true.

The reason this Verification is not made by Plaintiff is that Plaintiff is a body politic and the Attorney General is its duly authorized representative.

JAMES SHEEHAN
Assistant Attorney General

NOTARY PUBLIC

Sworn to before me this
16th day of December, 2022

BELYNDA K. ZIGREST
Notary Public - State of New York
01ZI6349654
Qualified in Albany County
My Comm. Expires October 24, 20 24

1