Case 1:25-cv-00810-MAD-ML    Document 40-5    Filed 01/06/26    Page 1 of 13

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------------------x

PEOPLE OF THE STATE OF NEW YORK, by                Index No. 453196/2022
LETITIA JAMES, Attorney General of the
State of New York,                                 Hon. Sabrina B. Kraus

                                    Petitioner,

                    -against-                      Mot. Seq. 002

VDARE FOUNDATION, INC.,

                                    Respondent.

---------------------------------------------------------------x


**Memorandum of Law in Opposition
to VDARE Foundation, Inc.'s
<u>Motion to Dismiss or Stay this Special Proceeding</u>**


                                        LETITIA JAMES
                                        Attorney General of the
                                        State of New York
                                        28 Liberty Street
                                        New York, NY 10005


James Sheehan
Yael Fuchs
Catherine Suvari
Assistant Attorneys General
    *of Counsel*

Case 1:25-cv-00810-MAD-ML    Document 40-5    Filed 01/06/26    Page 2 of 13

## TABLE OF CONTENTS

**Page**

Table of Authorities ............................................................................................................ ii

Preliminary Statement......................................................................................................... 1

Procedural History .............................................................................................................. 3

Argument ............................................................................................................................. 5

      The CPLR Does Not Permit Discretionary Dismissal of This Proceeding. ...................... 5

      VDARE Can and Should Assert Any Objection to the Subpoena in This Court. .............. 7

Conclusion ........................................................................................................................... 9

i

# TABLE OF AUTHORITIES

**CASES**                                                                                                          **Page(s)**

*Abrams* v. *Temple of the Lost Sheep, Inc.*,
 148 Misc. 2d 825 (Sup. Ct. N.Y. Cty. 1990) ................................................................... 9-10

*Condon* v. *Inter-Religious Found. For Cmty. Org.*,
 850 N.Y.S.2d 841 (Sup. Ct. N.Y. Cty. 2008), *aff'd* 51 A.D.3d 465 (1st Dep't 2008)........... 7-8

*In re NYSE Euronext Shareholders Litig.*,
 965 N.Y.S.2d 278 (Sup. Ct. N.Y. Cty. 2013) ......................................................................7

*Kent Development Co.* v. *Liccione*,
 37 N.Y.2d 899 (1975) ........................................................................................................6

*L-3 Commc'ns Corp.* v. *SafeNet, Inc.*,
 45 A.D.3d 1 (1st Dep't 2007) ........................................................................................ 6-7

*Libre by Nexus, Inc.* v. *Underwood*,
 181 A.D.3d 488 (1st Dep't 2020) .......................................................................................8

*Schneiderman* v. *Tierney*,
 No. 451489/2014, 2015 WL 2378983 (Sup. Ct. N.Y. Cty. May 18, 2015)............................10

*Temple of Lost Sheep* v. *Abrams*,
 930 F.2d 178 (2d Cir. 1991)......................................................................................... 8-9

*Trump* v. *James*,
 Index No. 21-cv-1352, 2022 WL 1718951 (N.D.N.Y May 27, 2022) ................................2, 9

*U.S. Bank, N.A.* v. *Deshuk-Flores*,
 163 A.D.3d 603 (2d Dep't 2018) ......................................................................................6

*Walsh* v. *Goldman Sachs & Co.*,
 185 A.D.2d 748 (1st Dep't 1992) ......................................................................................6

**CIVIL PRACTICE LAW AND RULES**

 CPLR 3122............................................................................................................................8

 CPLR 3211(a)4 ........................................................................................... *passim*

**TREATISES**

7 Weinstein, Korn & Miller, *New York Civil Practice*: CPLR ¶ 3211.22 (2022) .........................6

ii

Attorney General Letitia James, on behalf of the People of the State of New York, submits this memorandum of law in opposition to the motion by Respondent VDARE Foundation, Inc. (VDARE) for discretionary dismissal or indefinite stay under CPLR 3211(a)4.

## PRELIMINARY STATEMENT

The Attorney General commenced this proceeding to obtain compliance with a pre-complaint civil investigative subpoena issued to VDARE, a New York not-for-profit corporation. The Attorney General's subpoena calls for the production of documents and information related to VDARE's governance and financial operation based on concerns of financial improprieties at the organization.  Beginning in August 2022, VDARE's counsel assured the Attorney General repeatedly that VDARE was working in good faith to identify and produce responsive material and that VDARE did not contest the Attorney General's authority to review its operation as a regulated New York non-profit.  In the time since, VDARE has complied only in part, repeatedly delaying production, missing deadlines it set for itself, and producing certain documents with haphazard and unsubstantiated redactions.  On December 12, 2022, the date that VDARE had most recently proposed to the Attorney General that it would complete production, VDARE instead sued the Attorney General in the Northern District of New York to avoid further disclosure.  The Attorney General filed this proceeding four days later, seeking judicial relief to compel compliance with its subpoena — relief that is unavailable in federal court.

This Court is the proper forum to decide any disputes regarding the Attorney General's subpoena, and VDARE's request for discretionary dismissal of this proceeding under CPLR 3211(a)4 in favor of a limited federal court review should be denied.  CPLR 3211(a)4 does not apply where two parallel proceedings involve substantially different remedies, and the federal district court cannot provide the special relief that the Attorney General seeks here.  Equitable

Case 1:25-cv-00810-MAD-ML   Document 40-5   Filed 01/06/26   Page 5 of 13

considerations also weigh heavily against dismissal: this proceeding will permit full review of VDARE's stated constitutional claims and the federal proceeding, filed just four days before this one, remains in an even earlier stage. This Court should not countenance VDARE's delay tactics and forum shopping in the face of a lawfully issued subpoena. VDARE's production delay over the past six months, and its refusal to properly identify the nature of and legal basis for extensive redactions to the material it has produced, have significantly prejudiced the Attorney General's ability to conduct a timely investigation of VDARE's compliance with New York non-profit law. Dismissal or stay of this proceeding would unfairly delay a lawful regulatory review that can be fully supervised in this Court with no risk of prejudice to VDARE.

The Northern District of New York has recently considered and rejected a nearly identical attempt to prevent subpoena enforcement in state court through federal claims that alleged violation of the First Amendment and retaliatory investigation. Last May, the Chief Judge for the Northern District declined to enjoin the enforcement of a civil investigative subpoena as pretextual and specifically instructed that (i) "a motion to quash or vacate is the proper and exclusive vehicle to challenge the validity of a subpoena or the jurisdiction of the issuing authority," and (ii) a subpoena enforcement proceeding in state court pursuant to Article 4 of the CPLR ("Special Proceedings") provides "adequate opportunity for judicial review" of any claim alleging that the Attorney General's civil investigation has violated a subpoenaed party's federal constitutional rights. *See Trump* v. *James*, Index No. 21-cv-1352, 2022 WL 1718951, at **11, 18 (N.D.N.Y. May 27, 2022).

For all of the reasons set forth below and in the Attorney General's Verified Petition, the Attorney General is entitled to an order compelling VDARE to comply with the subpoena and VDARE's motion to dismiss or stay under CPLR 3211(a)4 should be denied.

2

Case 1:25-cv-00810-MAD-ML Document 40-5 Filed 01/06/26 Page 6 of 13

## PROCEDURAL HISTORY

The subpoena at issue in this proceeding was served in June 2022. VDARE has never moved to modify or quash it.[1] In July 2022, prompted by concerns from VDARE about the protection of its anonymous donors and authors, the Attorney General's Office confirmed in writing that donor-identifying information in otherwise responsive material could be redacted to protect any donor preference for anonymity. Fuchs Aff. Ex. R (Dkt. No. 22). The Attorney General's Office also clarified that the subpoena does not seek information about volunteer VDARE anonymous authors or supporters, but that the names of any individuals being paid by VDARE should not be redacted given the Attorney General's investigative focus on financial mismanagement and oversight failures at VDARE. *Id.*

On September 19, 2022, VDARE's current counsel expressly disavowed the organization's initial demand that the subpoena be withdrawn on First Amendment grounds, and he assured the Attorney General's Office that he had begun work in earnest to identify and produce responsive material on a rolling basis. Fuchs Aff. Ex. S (Dkt. No. 23). Three months later, after missing numerous deadlines that it had chosen for rolling deliveries, VDARE opted to sue the Attorney General on the very date that its counsel had most recently previously proposed as a revised deadline for completing production. VDARE now alleges — in direct defiance of the subpoena's plain terms and its own previously-stated position — that the Attorney General's insistence on complete production represents an unlawful government intrusion for which VDARE is owed compensatory and punitive damages. *See* Complaint, *VDARE Foundation, Inc.*

---

[1] The complete chronology of the Attorney General's initial investigation, decision to issue the subpoena, and good faith negotiations with VDARE regarding subpoena compliance are detailed in full in the December 16, 2022 Affirmation by Yael Fuchs of Good Faith and in Support of the Attorney General's Order to Show Cause to Compel Compliance with an Investigative Subpoena (Dkt. No. 4) ("Fuchs Aff."). The Attorney General recites only part of that sequence here but incorporates the Affirmation fully in support of its Opposition to VDARE's motion to dismiss.

3

v. *James*, 22-cv-1337 (FJS) (N.D.N.Y. Dec. 12, 2022), at 16-17.  The Attorney General will move to dismiss VDARE's federal action on or before January 18, 2023, one day before argument of the requests for relief in this proceeding on January 19.

At present, VDARE has produced approximately six thousand pages of what it identifies as responsive hard copy files for review, but it has redacted that material so heavily that many pages are almost entirely blacked out.  The redactions are also inconsistent: VDARE is redacting some but not all contact information for third-party vendors and employees. The Attorney General's Office has repeatedly requested — in writing and at multiple meet and confer discussions beginning in September 2022 — that VDARE provide a redaction log to identify (i) the nature of the information being withheld and (ii) the legal basis on which VDARE objects to disclosure.  *See* Fuchs Aff. ¶ 46 (discussing VDARE's unsupported redaction of almost every category of document produced, including VDARE board meeting minutes, VDARE bank statements, internal VDARE accounting ledgers, VDARE credit card statements, invoices sent to VDARE, financial records for the limited liability company used to pay VDARE employees, and bank statements to accounts held personally by VDARE directors Peter and Lydia Brimelow). VDARE has refused to provide such a log.  *See* Fuchs Aff. Exs. T (Dkt. No. 24) and Y (Dkt. No. 29).

VDARE has also ignored several of the subpoena's requests entirely without explanation. *See* Fuchs Aff. at ¶ 47 and Ex. Y (noting VDARE failure to produce any (i) solicitation materials sent by VDARE to potential contributors; (ii) documents related to the setting or adjusting VDARE's officer compensation; (iii) documents concerning past or future VDARE events located at the Berkeley Springs Castle property; (iv) documents concerning Director and Officer liability insurance held by VDARE for the benefit of its Board; or (v) documents

4

sufficient to demonstrate who controls VDARE's financial accounts).

VDARE has also failed to produce any electronically stored information (ESI), despite promises that it would produce this information. On October 31, VDARE identified 40 gigabytes of potentially responsive electronic files in 22 unique VDARE email accounts — a remarkable roster of accounts for an organization that reported only three directors and zero employees as recently as 2020. VDARE's counsel stated on October 31 that review of that material would be completed by November 21, 2022, but it has failed to produce any material from those accounts in the months since. *See* Fuchs Aff. at ¶¶ 48-52. On November 28, VDARE unilaterally announced December 12, 2022 as the new deadline by which it would complete email production. *Id.* ¶ 49. On December 2, the Attorney General's Office reiterated its concerns with the pace and scope of VDARE's production, including its extensive redactions, and demanded that VDARE produce a redaction log by the same December 12 deadline that VDARE had identified for completing production. *Id.* ¶ 51. VDARE did not produce as promised on December 12 and filed its federal lawsuit that day instead.

**ARGUMENT**

**The CPLR Does Not Permit Discretionary Dismissal of This Proceeding.**

CPLR 3211(a)4 permits discretionary dismissal by this Court in one circumstance: if the Court determines that the action before it would be entirely duplicative of another action already pending between the same parties for the same relief, the Court may, but "need not" order dismissal.

VDARE's federal claims of unconstitutional retaliation are unfounded and the Attorney General will move to dismiss them in the district court on January 18, 2023. Dismissal of this proceeding in the interim, based solely on the existence of the federal complaint, is <u>not</u> permitted by CPLR 3211(a)4: that mechanism for deferring to a parallel "first-filed" action applies only

5

Case 1:25-cv-00810-MAD-ML    Document 40-5    Filed 01/06/26    Page 9 of 13

where two simultaneous actions involve the same parties <u>and</u> the same claims and remedies. New York courts must deny discretionary dismissal where a plaintiff cannot obtain full redress in the first-filed action. *See Kent Development Co.* v. *Liccione*, 37 N.Y.2d 899, 901 (1975) (availability of full relief in the second action is "an essential that seriously limits the availability of this defensive motion"); *U.S. Bank, N.A.* v. *Deshuk-Flores*, 163 A.D.3d 603, 604-05 (2d Dep't 2018) (trial court properly denied defendant's 3211(a)4 motion because plaintiff in second action could not obtain full redress); *Walsh* v. *Goldman Sachs & Co.*, 185 A.D.2d 748, 749 (1st Dep't 1992) (trial court order dismissing complaint unanimously reversed because though there was a prior action pending, plaintiff could not obtain complete relief); *see also* 7 Weinstein, Korn & Miller, New York Civil Practice: CPLR ¶ 3211.22 (2022) (the availability of a different remedy in the second action will defeat a Rule 3211(a)4 motion to dismiss). The Attorney General initiated this proceeding to enforce a pre-complaint investigative subpoena issued under state law — the federal court cannot order such relief.

Independent of the district court's limited review, there is also no equitable reason for this Court to order a discretionary dismissal or stay of this proceeding.  First, and most importantly, resolution of this proceeding poses no risk of harm to the interests that VDARE articulates in its federal complaint.  Because this Court can, and must, consider any properly asserted objection to enforcement, including constitutional objections to disclosure, VDARE will not be prejudiced by this Court's review.

Second, the near-simultaneous commencement of the two actions makes the question of which forum was selected first immaterial.  New York courts have consistently held that even though the first-in-time rule is a factor to be considered in choosing the appropriate forum for litigation, "it is not controlling, especially when commencement of the competing actions has

6

been reasonably close in time." *L-3 Commc'ns Corp.* v. *SafeNet, Inc.*, 45 A.D.3d 1, 9 (1st Dep't 2007) (internal quotation marks and citations omitted) (reversing dismissal where later-filed New York action was commenced just four days after first-filed Maryland action and both actions were in their earliest stages at the time CPLR 3211(a)4 motion to dismiss was made). *See also In re NYSE Euronext Shareholders Litig.*, 965 N.Y.S.2d 278, 282 (Sup. Ct. N.Y. Cty. 2013) ("Contrary to defendants' assertions, the forum in which the litigation was first commenced is not the dispositive factor in deciding whether to grant a motion under CPLR 3211(a)(4). . . . The appellate and federal courts in this state have recognized that enforcing a strict 'first to file' rule is tantamount to sanctioning 'procedural gamesmanship' and rewards a 'party for winning a race to the courthouse.'") (quoting *White Light Prods., Inc.* v. *On the Scene Prods., Inc.*, 231 A.D.2d 90, 98 (1st Dept. 1997)). Here, the Attorney General initiated its special proceeding just four days after VDARE filed the federal action precisely because VDARE had reneged its promise to produce on December 12 and instead filed suit, confirming outright that compliance would not be forthcoming.

**VDARE Can and Should Assert Any Objection to the Subpoena in This Court.**

It is well-settled that the Attorney General may seek to compel compliance with an investigative subpoena in this Court. *See* Petition (Dkt. No. 1) at ¶¶ 9-13; *Condon* v. *Inter-Religious Found. For Cmty. Org.*, 850 N.Y.S.2d 841 (Sup. Ct. N.Y. Cty. 2008) (granting petition to compel compliance with investigative subpoenas under CPLR 2308; denying responsive motions to quash and dismiss on First Amendment and other grounds); *aff'd* 51 A.D.3d 465 (1st Dep't 2008); CPLR § 2308(b)(1) (where a subpoenaed party has failed to comply with a non-judicial subpoena, the issuer of the subpoena may seek a court order to compel a response and the court must order compliance if it finds that the subpoena was authorized).

7

Case 1:25-cv-00810-MAD-ML    Document 40-5    Filed 01/06/26    Page 11 of 13

In order to successfully oppose an investigative subpoena's enforcement, the party challenging the subpoena bears the burden of establishing that subpoena's invalidity. VDARE's motion to dismiss this proceeding does not dispute the Attorney General's authority to issue and enforce investigative subpoenas. Frisch Aff. (Dkt. No. 37) at ¶ 17. Nor does VDARE argue that the subpoena is "utterly irrelevant to any proper inquiry." *Libre by Nexus, Inc.* v. *Underwood*, 181 A.D.3d 488 (1st Dep't 2020) (citing *Matter of Kapon* v. *Koch*, 23 N.Y.3d 32, 38 (2014), and affirming denial of motion to quash investigative subpoena *duces tecum*). In fact, VDARE maintains that it has "acted diligently" to comply with the subpoena and that "as of December 2, [it] was in the process of completing compliance with the [Attorney General's] subpoena by identifying responsive emails from a universe of 40 gigabytes." Mem. of Law (Dkt. No. 51), at 4.

VDARE now argues, however, without reference to any factual showing, that the Attorney General's subpoena was pretextual, issued in retaliation for positions published on Vdare.com, and "threatens VDARE's ability to conduct business." Frisch Aff. ¶ 23. VDARE does not identify how the speech or associational rights of any VDARE donor, supporter, employee or director would be infringed by enforcement of the subpoena or by preparation of the redaction log required by CPLR 3122. That showing must be presented to defeat the presumption of good faith and enforceability accorded to the Attorney General's investigative demands. *See* Pet. Mem. of Law (Dkt. No. 3) at 11-12; *Condon* v. *Inter-Religious Found. For Cmty. Org.*, 51 A.D.3d 465, 466 (1st Dep't 2008) (unanimously affirming denial of motion to quash where respondents made no prima facie showing that "any encroachment on their liberties would result from the disclosure sought" and subpoenas did not "on their face implicate core First Amendment concerns of freedom of association"). *See also Temple of Lost Sheep* v.

8

Case 1:25-cv-00810-MAD-ML    Document 40-5    Filed 01/06/26    Page 12 of 13

*Abrams*, 930 F.2d 178, 184 (2d Cir. 1991) (affirming dismissal of section 1983 claims against Attorney General following state court denial of motion to quash investigative subpoena) ("Under New York law, a subpoena will be quashed if compliance will unduly infringe upon fundamental rights such as those guaranteed by the First Amendment.").  And the very district court in which VDARE has filed its federal complaint instructs that such a presentation should be made here:  an Article 4 special proceeding provides a full and fair opportunity to review any constitutional claim of First Amendment intrusion and retaliatory motive in connection with the enforcement of a civil investigative subpoena.  *See Trump* v. *James*, 2022 WL 1718951, at *19 (plaintiffs failed to identify any procedural barrier that precluded the New York court from awarding the injunctive relief sought by plaintiffs' federal § 1983 action to stay civil investigation).

## CONCLUSION

Under New York law, the Attorney General is responsible for protecting "the public interest in charitable property." *See Schneiderman* v. *Tierney*, No. 451489/2014, 2015 WL 2378983, at *3 (Sup. Ct. N.Y. Cty. May 18, 2015).  She safeguards that public interest through investigations that apply well-established standards in the Not-for-Profit Corporation Law, the Estates, Powers and Trusts Law, and the Executive Law to identify misconduct, governance and reporting failures, and misuse of charitable assets by not-for-profit organizations.  There is no question that the Attorney General has a right to seek this Court's order to compel compliance with any investigative disclosures demanded as part of those reviews. *See Trump* v. *James*, 2022 WL 1718951, at *11 ("A state's interest in enforcing its own laws and investigating their violation cannot seriously be disputed.") (quoting *Cuomo* v. *Dreamland Amusements, Inc.*, No.08-cv-7100, 2008 WL 4369270, at *10 (S.D.N.Y. Sept. 22, 2008)); *Abrams* v. *Temple of the*

9

*Lost Sheep, Inc.*, 148 Misc. 2d 825, 828-29 (Sup. Ct. N.Y. Cty. 1990); *Tierney*, 2015 WL 2378983, at *2–3.

The Attorney General's investigation and subpoena in this matter are narrowly focused on subject matter areas that fall squarely within the statutory provisions governing not-for-profit corporations like VDARE in New York.  The conduct already identified through review of publicly available information, materials filed by VDARE with the Charities Bureau and the Internal Revenue Service, and preliminary productions by VDARE confirms a reasonable basis for the document and information demands in the Attorney General's investigative subpoena. VDARE may and must assert any objection to enforcement of that subpoena in this Court and its motion for dismissal or stay of this proceeding under CPLR 3211(a)4 should be denied.

Dated: New York, New York
       January 11, 2023

LETITIA JAMES
Attorney General of the State of New York

By:  /s/ *Catherine Suvari*
     James G. Sheehan
     Yael Fuchs
     Catherine Suvari
     Assistant Attorneys General
     28 Liberty Street
     New York, New York 10005
     (212) 416-6172
     Catherine.Suvari@ag.ny.gov

10