UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

VDARE FOUNDATION, INC.,

*Plaintiff*,

-against-                                              25-CV-0810

LETITIA JAMES, JAMES SHEEHAN, RICHARD                  MAD/ML
SAWYER, MEGHAN FAUX, EMILY STERN, RACHEL
FINN, BENJAMIN LIEBOWITZ, and
YAEL FUCHS,

*Defendants*.

---

## MEMORANDUM OF LAW IN OPPOSITION TO
## PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF AND IN SUPPORT OF
## DEFENDANTS' CROSS-MOTION TO DISMISS THE AMENDED COMPLAINT

LETITIA JAMES
New York State Attorney General
Attorney for Defendants Letitia James and
    Richard Sawyer
The Capitol
Albany, New York 12224

Matthew J. Gallagher
Assistant Attorney General
Bar Roll No. 701111
Telephone: (518) 776-2284
Fax: (518) 915-7734 (Not for service of papers)    Date: January 6, 2026

# Table of Contents

Table of Authorities ............................................................................................... iii

PRELIMINARY STATEMENT ............................................................................ 1

RELEVANT FACTUAL BACKGROUND ............................................................ 3

STANDARDS OF REVIEW ................................................................................... 7

        A.    Motion for a Preliminary Injunction ............................................... 7

        B.    Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) ................ 8

        C.    Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) ................ 8

ARGUMENT .......................................................................................................... 9

   POINT I:    VDARE'S CLAIMS FAIL AS A MATTER OF LAW ............................. 9

        A.    The District Court Lacks Subject Matter Jurisdiction Over Plaintiff's Claims Pursuant to the *Rooker-Feldman* Doctrine .......................................................................................... 10

        B.    The Court Should Abstain from Taking Any Action on Plaintiff's Claims, and Dismiss the Amended Complaint, Under the *Younger* Abstention Doctrine ....................................... 11

            1.    *The Application of the* Younger *Abstention Doctrine is Appropriate in this Case* ................................ 13

            2.    *VDARE's* England *Reservation Filed in the Civil Enforcement Proceeding Does Not Preclude Abstention* ....................................................................... 16

            3.    *The Bad-Faith and Harassment Exceptions to* Younger *Abstention are Inapplicable* .............................. 18

        C.    VDARE is Collaterally Estopped from Asserting its Retaliation and Selective-Enforcement Claims Against Defendants ...................................................................................... 19

            1.    *Collateral Estoppel Applies to Issues in New York State Court Special Proceedings* ..................................... 20

            2.    *An Identical Issue of Retaliation Was Raised and Necessarily Decided in the Subpoena Proceeding* .......... 20

            3.    *VDARE Had a Full and Fair Opportunity to*

i

*Litigate the Issue of Retaliation in the Subpoena Proceeding* ...................................................................... 22

      D.     VDARE Fails to State a Selective Enforcement Claim ............... 23

      E.     VDARE Fails to State Conspiracy Claim .................................... 24

POINT II:    VDARE FAILS TO ESTABLISH A STRONG SHOWING OF IRREPARABLE HARM IN THE ABSENCE OF INJUNCTIVE RELIEF ................................................................................................ 26

POINT III:   THE BALANCING OF EQUITIES FAVORS DEFENDANTS ............. 28

CONCLUSION ...................................................................................................... 29

## Table of Authorities

**Cases**                                                                        **Page(s)**

*Abrams* v. *Found. for the Homeless*,
    190 A.D.2d 578 (N.Y. 1st Dept. 1993)................................................................14

*Anderson v. Mexico Academy and Central School*,
    186 F. Supp. 2d 193 (N.D.N.Y. 2002)..........................................................26-27

*Andre-Rodney v. Hochul*,
    569 F. Supp. 3d 128 (N.D.N.Y. 2023).............................................................27

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009).....................................................................................8-9

*Bd. of Tr. of Trucking Emps. of North Jersey Welfare Fund v. Canny*,
    876 F. Supp. 14 (N.D.N.Y. 1995)....................................................................1

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007).......................................................................................9

*Bilenker v. Broadridge Fin. Solutions*,
    2018 WL 6031159 (E.D.N.Y. Nov. 16, 2018).................................................26

*Brill v. Ulster Cnty.*,
    2025 WL 2531415 (N.D.N.Y. Sept. 3, 2025)..................................................24

*Bronx Household of Faith v. Bd. of Educ. of City of New York*,
    331 F.3d 342 (2d Cir. 2003)...........................................................................26

*Cavanaugh v. Geballe*,
    28 F.4th 428 (2d Cir. 2022) ...........................................................................12

*Citizens United v. Schneiderman*,
    115 F. Supp. 3d 457 (S.D.N.Y. 2015).............................................................29

*Citizens United v. Schneiderman*,
    882 F.3d 374 (2d Cir. 2018)...........................................................................14

*Cullen v. Fliegner*,
    18 F.3d 96 (2d Cir. 1994)..............................................................................18

*Cuomo v. Dreamland Amusements, Inc.*,
    2008 WL 4369270 (S.D.N.Y. Sept. 22, 2008).................................................14

*D'Arata v. New York Cent. Mut. Fire Ins. Co.*,
    76 N.Y.2d 659 (1990) ...................................................................................22

*Diamond "D" Const. Corp. v. McGowan*,
    282 F.3d 191 (2d Cir. 2002)................................................................ 13, 18-19

*El-Shabazz v. State of New York Comm. on Character & Fitness for the Second Jud.*
    *Dep't*,
    428 F. App'x 95 (2d Cir. 2011) .......................................................................20

*Elrod v. Burns*,
    427 U.S. 347 (1976).........................................................................................28

*England v. Louisiana State Bd. of Med. Exam'rs*,
    375 U.S. 411 (1964).........................................................................................16

*Evans v. Ottimo*,
    469 F.3d 278 (2d Cir. 2006).............................................................................20

*Fulani v. MacKay*,
    2007 WL 959308 (S.D.N.Y. Mar. 29, 2007) ..............................................16, 18

*Hassig v. New York State Dept. of Env't Conservation*,
    6 A.D.3d 1007 (N.Y. 3d Dept. 2004)............................................................ 20-21

*Hickerson v. City of New York*,
    146 F.3d 99 (2d Cir. 1998)...............................................................................17

*Hoblock v. Albany County Bd. of Elections*,
    422 F.3d 77 (2d Cir. 2005)...............................................................................10

*Holmes v. Grubman*,
    568 F.3d 329 (2d Cir. 2009)...............................................................................9

*Jayaraj v. Scappity*,
    66 F.3d 36 (2d Cir. 1995).................................................................................26

*Johnson v. Tucker*,
    2021 WL 241962 (W.D.N.Y. Jan. 25, 2021).....................................................29

*Kamholtz v. Yates Cnty.*,
    350 Fed. App'x 589 (2d Cir. 2009)............................................................... 22-23

*Kiryas Joel Alliance v. Vill. of Kiryas Joel*,
    495 Fed. App'x 183 (2d Cir. 2012)............................................................... 24-25

*L&M Bus Corp. v. Bd. of Educ. of the City Sch. Dist. N.Y.*,
    2018 WL 2390125 (E.D.N.Y. May 25, 2018) .....................................................7

*Lloyd v. Regisford*,
    2023 WL 5935756 (S.D.N.Y. Sept. 12, 2023).....................................................1

*Makarova v. United States*,
   201 F.3d 110 (2d Cir. 2000) ..........................................................................8

*Mann v. New York State Ct. of Appeals*,
   2021 WL 5040236 (N.D.N.Y. Oct. 29, 2021) ...............................................8

*McKithen v. Brown*,
   626 F.3d 143 (2d Cir. 2010) ........................................................................10

*Montoya v. JL Astoria Sound, Inc.*,
   92 A.D.3d 736 (N.Y. 2d Dept. 2012) ...........................................................23

*New York Progress and Protection PAC v. Walsh*,
   733 F.3d 483 (2d Cir. 2013) ........................................................................28

*New York v. Actavis PLC*,
   787 F.3d 638 (2d Cir. 2015) ..........................................................................7

*Nken v. Holder*,
   556 U.S. 418 (2009) ....................................................................................28

*NML Capital, Ltd. v. Banco Central de la Republica Argentina*,
   652 F.3d 172 (2d Cir. 2011) ........................................................................19

*People v. Nat'l Rifle Assoc. of America*,
   223 A.D.3d 84 (N.Y. 1st Dept. 2023) ...........................................................15

*People v. VDARE Foundation, Inc.*,
   224 A.D.3d 516 (N.Y. 1st Dept. 2024) .................................. 5, 11, 19, 22-23, 27, 29

*Quackenbush v. Allstate Ins. Co.*,
   517 U.S. 706 (1996) ....................................................................................11

*Raphael v. Cnty. of Nassau*,
   387 F. Supp. 2d 127 (E.D.N.Y. 2005) ..........................................................20

*Rodriguez by Rodriguez v. DeBuono*,
   175 F.3d 227 (2d Cir. 1998) ........................................................................26

*Rothman v. Gregor*,
   220 F.3d 81 (2d Cir. 2000) ............................................................................9

*San Remo Hotel, L.P. v. City and County of San Francisco, Cal.*,
   545 U.S. 323 (2005) ...............................................................................16, 18

*Schweitzer v. Crofton*,
   935 F. Supp. 2d 527 (E.D.N.Y. 2013) ..........................................................10

*Spargo v. N.Y. State Comm'n on Judicial Conduct*,
   351 F.3d 65 (2d Cir. 2003).........................................................................12

*Szoke v. Carter*,
   974 F. Supp. 360 (S.D.N.Y. 1997) ...........................................................17

*Temple of Lost Sheep Inc. v. Abrams*,
   930 F.2d 178 (2d Cir. 1991)................................................................ 16-17

*Thomas v. City of Troy*,
   293 F. Supp. 3d 282 (N.D.N.Y. 2018)........................................................9

*Trump v. James*,
   2022 WL 1718951 (N.D.N.Y. May 27, 2022).................................8, 12, 15

*Utica Mut. Ins. Co. v. INA Reinsurance Co.*,
   2012 WL 12874471 (N.D.N.Y. Nov. 6, 2012) .........................................26

*VDARE Foundation, Inc. v. James*,
   2025 WL 3648783 (2d Cir. Dec. 17, 2025) ...............................6, 15, 18

*Wandering Dago, Inc. v. Destito*,
   879 F.3d 20 (2d Cir. 2018).......................................................................23

*Winter v. NRDC, Inc.*,
   555 U.S. 7 (2008)........................................................................................7

## State Statutes

New York Estates, Powers & Trusts Law
   § 8-1.4(i) ..................................................................................................14

New York Executive Law
   § 63(12)......................................................................................................13
   § 175.....................................................................................................13, 14

New York Not for Profit Corporation Law
   § 112...........................................................................................................14

## Rules

N.Y. Civil Practice Law and Rules
   § 3011........................................................................................................15
   § 3019........................................................................................................15

## Miscellaneous Authorities

Anti-Defamation League, *Securing Democracy: Taking Hate and Extremism to Court*
    (YouTube, Dec. 5, 2022), https://www.youtube.com/watch?app=desktop ............................25

Defendants, New York State Attorney General Letitia James and Assistant Attorney General Richard Sawyer (Defendants),[1] submit this Memorandum of Law in opposition to Plaintiff's Motion for a Preliminary Injunction, dated December 8, 2025 (PI Motion), and in support of their Cross-Motion to Dismiss the Amended Complaint.

## PRELIMINARY STATEMENT

For a second time, Plaintiff VDARE Foundation, Inc. (VDARE) sues, without merit, in federal court to collaterally attack the lawful exercise of enforcement authority of the Office of the New York State Attorney General (OAG). This action asserts constitutional claims of retaliation, selective enforcement, and conspiracy against Defendants following OAG's lawful investigation of, and subsequent legal action initiated against, VDARE. It follows VDARE's challenge to the enforcement of an investigatory subpoena in New York state court, where both the New York State Supreme Court and Appellate Division, First Department held that the subpoena did not violate VDARE's constitutional rights and that there was no support for the contention that VDARE was being targeted for its protected speech. In June 2024, the Court of Appeals dismissed VDARE's final appeal. VDARE's first federal suit attacking OAG for its actions was filed in December 2022 and dismissed by this Court pursuant to *res judicata* principles and affirmed by the U.S. Court of Appeals for the Second Circuit.

Notwithstanding that VDARE's previous collateral attack on OAG's enforcement authority was repeatedly rejected by numerous courts, VDARE filed an Amended Complaint in

---

[1] Based on information and belief, Defendants Meghan Faux, Rachel Finn, Yael Fuchs, Benjamin Liebowitz, James Sheehan, and Emily Stern have not been formally served in this matter. However, the arguments contained herein are applicable to all Defendants, and the Court should consider the Cross-Motion to Dismiss applicable to all Defendants in the interest of judicial economy. *See Lloyd v. Regisford*, 2023 WL 5935756, at *1 n.2 (S.D.N.Y. Sept. 12, 2023); *Bd. of Tr. of Trucking Emps. of North Jersey Welfare Fund v. Canny*, 876 F. Supp. 14, 17 (N.D.N.Y. 1995).

this matter on November 24, 2025, and filed the PI Motion on December 8, 2025, seeking an order enjoining OAG from prosecuting its state court action against VDARE.

VDARE's PI Motion should be denied, and the Amended Complaint dismissed, because VDARE's claims fail as a matter of law. First, this Court lacks subject matter jurisdiction over VDARE's claims pursuant to the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine precludes the Court from taking action in this case because VDARE attempts to circumvent the prior state court decisions by having this Court review issues already decided by the state courts and by seeking damages in this Court for being compelled to comply with a lawful subpoena and being subject to suit for alleged unlawful conduct. Second, and similarly, this Court is required to abstain from exercising jurisdiction pursuant to the *Younger* abstention doctrine because there is an ongoing enforcement action in the state court, which involves an important state interest, and this action invites review of issues previously decided in state court.

Third, even if, arguendo, the Court determines that it has subject matter jurisdiction and may exercise jurisdiction here, the PI Motion should still be denied and the Amended Complaint dismissed because VDARE fails to state a claim. Collateral estoppel bars VDARE's claims of retaliation and selective enforcement because the underlying issues were previously litigated and resolved against VDARE in valid state court judgments. Also, VDARE is estopped from alleging an intent to target, inhibit, or punish the exercise of First Amendment rights because that issue was fully resolved in New York state court. Finally, the Amended Complaint fails to allege any facts sufficient to state a claim of conspiracy. For these reasons, the Amended Complaint should be dismissed in its entirety.

Beyond VDARE's total lack of likelihood of success on the merits, the PI Motion also fails on the grounds that (1) VDARE cannot establish irreparable harm because VDARE cannot

establish a First Amendment violation that is imminent; and (2) the balance of equities favors Defendants because the public has a legitimate interest in the enforcement of laws to address misconduct by charitable not-for-profit corporations chartered in New York.

For these reasons, VDARE's PI Motion should be denied, and the Amended Complaint should be dismissed in its entirety with prejudice.

## RELEVANT FACTUAL BACKGROUND

VDARE alleges that OAG issued three subpoenas related to VDARE in May and June 2022. Amended Complaint, ECF No. 24 (Am. Complaint) ¶ 18. Two subpoenas focused on VDARE's social media presence and were served on Meta Platforms, Inc. and Facebook Payments, Inc. *Id.* ¶ 18.a, 18.b. Another subpoena, dated June 23, 2022, was served on VDARE (OAG Subpoena). *Id.* ¶ 18.c, Exhibit 1. The OAG Subpoena sought, among other things, documents related to VDARE's sale of real property in West Virginia, known as the Berkley Springs Castle. *See id.* ¶ 92.

On December 16, 2022, OAG initiated a special proceeding in state Supreme Court via Petition and Order to Show Cause to compel VDARE's compliance with the OAG Subpoena (Subpoena Proceeding). *See* Petition, *People v. VDARE Foundation, Inc.*, Index No. 453196/2022 (N.Y. Sup. Ct., New York Cnty. 2022) (Subpoena Proceeding), NYSCEF No. 1 (annexed to Declaration of Matthew J. Gallagher (Gallagher Dec.) as Exhibit A); OAG Order to Show Cause, *id.*, NYSCEF No. 33 (OAG OTSC) (annexed to Gallagher Dec. as Exhibit B). VDARE moved to dismiss the proceeding and argued against enforcement of the OAG Subpoena by claiming that OAG's pursuit of VDARE constituted "unconstitutional retaliation." VDARE Order to Show Cause, *id.*, NYSCEF Doc. No. 52 (annexed to Gallagher Dec. as Exhibit C); VDARE Reply in Further Support of Motion to Dismiss, *id.*, NYSCEF Doc. No. 58 (VDARE Reply) (annexed to

3

Gallagher Dec. as Exhibit D), at 4-6.[2] VDARE expressly argued that OAG (1) exhibited retaliatory animus based on temporal connections to its pursuit of VDARE, VDARE Reply 4-5; (2) misused its power to regulate and limit constitutional speech, *id.* at 5; (3) targeted "VDARE because of its speech," *id.*; and (4) used the OAG Subpoena and the compliance therewith as pretext to regulate VDARE's speech. *Id.* at 5-6 (arguing that OAG's action "makes clear that the OAG's goal is to put VDARE out of business").

Following full briefing and argument, the Supreme Court granted OAG's Petition, holding that (1) the OAG Subpoena was appropriate because it "focused on subject matter areas which fall within the statutory provisions that govern not-for-profit corporations," and (2) it "demand[ed] the type of material that will permit [OAG] to determine whether [VDARE] has complied with [Not for Profit Corporation Law (NPCL)] requirements." Decision and Order on Motion, Subpoena Proceeding, NYSCEF No. 62 (annexed to Gallagher Dec. as Exhibit E), at 6-7. The Court also addressed VDARE's constitutional objections in its decision and held that VDARE did "not establish[] that the Subpoena would impair [VDARE's] own First Amendment Rights." *Id.* at 7.

VDARE then appealed the Supreme Court decision to the New York Appellate Division, First Judicial Department (First Department). *See* VDARE Appellate Brief, *People of the State of New York v. VDARE Foundation, Inc.*, Case No. 2023-00672 (N.Y. 1st Dept.), NYSCEF No. 12 (annexed to Gallagher Dec. as Exhibit F). One of the questions presented to the First Department on appeal and argued by VDARE was, "Whether Respondent's investigatory subpoena should have been enforced when it was admittedly issued in retaliation for speech at the very core of the areas protected by the First Amendment?" *Id.* at 7, 16-19. With regard to that question, the First Department found "no support for [VDARE's] contention that the OAG conceded any retaliatory

---

[2] Citations to NYSCEF documents reference NYSCEF pagination.

animus or was targeting it for its protected speech." *People v. VDARE Foundation, Inc.*, 224 A.D.3d 516, 518 (N.Y. 1st Dept. 2024). On June 13, 2024, the Court of Appeals, on its own motion, denied VDARE's motion for leave to appeal. *People v. VDARE Foundation, Inc.*, Motion No. 2024-244 (N.Y. June 13, 2024) (annexed to Gallagher Dec. as Exhibit G).

VDARE was repeatedly held in contempt in the Subpoena Proceeding for willfully failing to comply with the New York Supreme Court's orders and never cured violations of its obligations to comply with the OAG Subpoena, which resulted in tens of thousands of dollars in contempt penalties that remain outstanding. *See* March 27, 2024 Decision & Order, Subpoena Proceeding, NYSCEF No. 239; October 17, 2024 Decision & Order on Motion, Subpoena Proceeding, NYSCEF No. 341; October 10, 2025 Order Confirming in Part Special Referee Report and Recommendation, Subpoena Proceeding, NYSCEF No. 389 (each of the cited orders are annexed to Gallagher Dec. as Exhibits H, I, and J, respectively).

VDARE filed its first federal lawsuit against OAG in December 2022, alleging constitutional violations of its right to free speech allegedly caused by the OAG Subpoena, and asserting claims for retaliation, as well as seeking declaratory and injunctive relief. *See* Verified Complaint, *VDARE Foundation, Inc. v. James*, Index No. 1:22-cv-1137 (FJS/CFH) (N.D.N.Y.) Dkt. No. 1. The complaint in the federal action was dismissed on *res judicata* grounds because the claims arose from the same transaction or series of transactions as the claims involved in the Subpoena Proceeding, and therefore, were barred by the final judgment rendered by the state courts in the Subpoena Proceeding. Memorandum-Decision and Order, *VDARE Foundation, Inc. v. James*, Index No. 1:22-cv-1137 (FJS/CFH) (N.D.N.Y.) Dkt. No. 59, at 15-19.[3] The decision was

---

[3] Citations to ECF documents reference ECF pagination.

affirmed by the Second Circuit on appeal. *VDARE Foundation, Inc. v. James*, 2025 WL 3648783, at *3-6 (2d Cir. Dec. 17, 2025).

Following OAG's investigation of VDARE (and extensive litigation to overcome VDARE's protracted efforts to thwart OAG's authority), OAG initiated a civil enforcement action against VDARE, Peter Brimelow, and Lydia Brimelow on September 3, 2025, seeking restitution and penalties, as well as removal of the Brimelows as fiduciaries of VDARE, among other relief (Civil Enforcement Action). Verified Complaint, *People v. VDARE Foundation Inc. et al.*, Index No. 452397/2025 (N.Y. Sup. Ct., New York Cnty.) (Civil Enforcement Action) ¶¶ 2, 162-175, pp. 47-49 (annexed to Gallagher Dec. as Exhibit K). On December 18, 2025, VDARE, Peter Brimelow, and Lydia Brimelow filed motions to dismiss the Civil Enforcement Action. *See* Notices of Motions to Dismiss, Civil Enforcement Action, NYSCEF Nos. 16, 19 (jointly annexed to Gallagher Dec. as Exhibit L). Pursuant to stipulation, the motions are returnable February 27, 2026. *Id.*

VDARE initiated this federal action on June 23, 2025.[4] *See* Complaint, ECF No. 1 (Complaint). On November 24, 2025, VDARE filed an Amended Complaint. *See generally* Am. Complaint. VDARE alleges that Defendants "unfairly and erroneously consider[] VDARE to be a purveyor of 'hate speech.'" Am. Complaint ¶ 51. VDARE alleges that the issuance of the subpoenas, the Subpoena Proceeding, and the Civil Enforcement Action were part of a conspiracy and abusive mechanisms utilized by OAG to silence VDARE from engaging in what it characterizes as "protected speech." *See id.* ¶ 117. VDARE asserts claims against Attorney

---

[4] The Complaint named Letitia James, Richard Sawyer, Catherine Suvari, and Yael Fuchs as Defendants. *See* Complaint ¶¶ 2, 4-6. VDARE never served Suvari, and VDARE voluntarily discontinued its claims against her on November 25, 2025. *See* Order of Voluntary Dismissal, ECF No. 27. Defendant Fuchs has not been served. *See* Status Report, ECF No. 30.

General James and numerous OAG attorneys in their official and individual capacities alleging First Amendment retaliation, Fourteenth Amendment selective enforcement, and conspiracy, and seeks compensatory and punitive damages, and declarative and injunctive relief against Defendants. *Id.* ¶¶ 179-256.

On December 8, 2025, VDARE filed the instant Order to Show Cause with accompanying papers seeking an order enjoining OAG from prosecuting the Civil Enforcement Action in state court. *See* Motion for Temporary Restraining Order, ECF No. 31 (OTSC).

## STANDARDS OF REVIEW

### A.    Motion for a Preliminary Injunction

Injunctive relief, such as the preliminary injunction sought by VDARE, is "an extraordinary remedy never awarded as of right." *Winter v. NRDC, Inc.*, 555 U.S. 7, 24 (2008). A movant bears the burden of proof in establishing that (a) it is likely to succeed on the merits; (b) it is likely to suffer irreparable harm in the absence of preliminary relief; (c) the balance of equities tips in its favor; and (d) an injunction is in the public interest. *Id.* at 20. The final two factors—the balance of the equities and the public interest—"merge when the Government is the opposing party." *L&M Bus Corp. v. Bd. of Educ. of the City Sch. Dist. N.Y.*, 2018 WL 2390125, at *13 (E.D.N.Y. May 25, 2018) (quoting *Nken v. Holder*, 556 U.S. 418, 435 (2009)).

In addition, the Second Circuit has "held the movant to a heightened standard" where: (i) an injunction is "mandatory" (i.e., altering the status quo rather than maintaining it); or (ii) the injunction "will provide the movant with substantially all the relief sought and that relief cannot be undone even if the defendant prevails at a trial on the merits." *New York v. Actavis PLC*, 787 F.3d 638, 650 (2d Cir. 2015). In such cases, the movant must show a "clear" or "substantial" likelihood of success on the merits and make a "strong showing" of irreparable harm, in addition to showing that the preliminary injunction is in the public interest. *See id.* (quoting *Beal v. Stem*,

184 F.3d 117, 123 (2d Cir. 1999) and *Doe v. New York University*, 666 F.2d 761, 773 (2d Cir. 1981)).

    **B.**      **Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1)**

Motions to dismiss based on an abstention doctrine or the *Rooker-Feldman* doctrine are considered motions to dismiss for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure (Fed. R. Civ. P.) 12(b)(1). *Trump v. James*, 2022 WL 1718951, at *7 (N.D.N.Y. May 27, 2022). "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing *Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986)). This includes affidavits and matters of which judicial notice may be taken. *Mann v. New York State Ct. of Appeals*, 2021 WL 5040236, at *3 (N.D.N.Y. Oct. 29, 2021). "In reviewing a motion to dismiss under Rule 12(b)(1), the court 'must accept as true all material factual allegations in the complaint, but is not to draw inferences from the complaint favorable to plaintiffs.'" *Id.* (quoting *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004)).

"A court faced with a motion to dismiss pursuant to both Rules 12(b)(1) and 12(b)(6) must decide the jurisdictional question first because a disposition of a Rule 12(b)(6) motion is a decision on the merits and, therefore, an exercise of jurisdiction." *Id.* (quoting *Dutrow v. New York State Gaming Commission*, 2014 WL 11370355, at *3 (E.D.N.Y. July 29, 2014), *aff'd*, 607 Fed. App'x 56 (2d Cir. 2015)).

    **C.**      **Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)**

To withstand a motion to dismiss under FRCP 12(b)(6), a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

While the court should accept factual allegations as true and draw reasonable inferences in the plaintiff's favor, *see Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to withstand a motion to dismiss because such statements are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555); *see also Thomas v. City of Troy*, 293 F. Supp. 3d 282, 293 (N.D.N.Y. 2018).

When determining the sufficiency of a claim under Rule 12(b)(6), the court may consider the factual allegations in the complaint, which are accepted as true; documents attached to the complaint as exhibits or incorporated in it by reference; and matters of which judicial notice may be taken. *See Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000).

## ARGUMENT

### POINT I
### VDARE'S CLAIMS FAIL AS A MATTER OF LAW

VDARE cannot sustain its burden for a mandatory preliminary injunction because it cannot establish a clear likelihood of success on the merits on its claims. Quite the opposite, its claims fail as a matter of law. For that reason, VDARE's claims, and the Amended Complaint, should also be dismissed. First, VDARE's claims fail because this Court lacks jurisdiction over them under the *Rooker-Feldman* doctrine. Second, the Court cannot exercise jurisdiction over VDARE's claims pursuant to the *Younger* abstention doctrine. Third, VDARE is collaterally estopped from asserting retaliation or selective enforcement claims because the issue of retaliatory animus was already decided in the Subpoena Proceeding. Finally, VDARE fails to state a claim for selective enforcement or conspiracy.

A.    The District Court Lacks Subject Matter Jurisdiction Over Plaintiff's Claims Pursuant to the *Rooker-Feldman* Doctrine

This Court lacks subject matter jurisdiction over Plaintiff's First and Fourteenth Amendment claims because the Subpoena Proceeding state court decisions, via the Supreme Court, First Department, and Court of Appeals (State Court Decisions), were previously decided in OAG's favor, and VDARE is using this action to contest those decisions.

Under the *Rooker-Feldman* doctrine, federal district courts lack subject matter jurisdiction over any cases that are "in substance, appeals from state-court judgments." *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005). The *Rooker-Feldman* doctrine "deprives a federal court of jurisdiction to consider a plaintiff's claim" and is "aimed at 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review of those judgments.'" *McKithen v. Brown*, 626 F.3d 143, 154 (2d Cir. 2010) (quoting *McKithen v. Brown*, 481 F.3d 89, 93 (2d Cir. 2007)). In the Second Circuit, application of the *Rooker-Feldman* doctrine applies to cases that satisfy a four-part test: "(1) the federal-court plaintiff lost in state court; (2) the plaintiff must complain of injuries caused by a state-court judgment; (3) the plaintiff must invite district court review and rejection of that judgment; and (4) the state-court judgment must have been rendered before the district court proceedings commenced." *Schweitzer v. Crofton*, 935 F. Supp. 2d 527, 541 (E.D.N.Y. 2013) (internal quotations and citations omitted).

Each of these factors are satisfied here, and the *Rooker-Feldman* doctrine deprives the Court of subject matter jurisdiction. First, VDARE lost the Subpoena Proceeding and was compelled to comply with the OAG Subpoena. *See* Decision and Order on Motion, Subpoena Proceeding 9-10. Second, VDARE's Amended Complaint attempts to circumvent the State Court Decisions and obtain damages for being compelled to comply with a lawful subpoena. *See* Am.

10

Complaint ¶¶ 187, 200 (alleging that VDARE has been damaged by the "chill" of the OAG Subpoena, the need to hire counsel to respond, and the burden of compliance). VDARE also seeks damages for being subject to the Civil Enforcement Action. *See id.* ¶¶ 209, 222. These damages are a direct result of the State Court Decisions because the information obtained from VDARE's response to the subpoena "establish[es] the violations set forth" in the complaint in the Civil Enforcement Action. *See* Verified Complaint, Civil Enforcement Action ¶ 175.

Third, the State Court Decisions already determined that the OAG Subpoena was not unconstitutional and that there was no evidence of retaliatory animus or targeting VDARE for its protected speech. *See People v. VDARE*, 224 A.D.3d at 518. This action invites review of that precise issue by raising claims for First Amendment retaliation and Fourteenth Amendment selective enforcement. VDARE's challenge to the Civil Enforcement Action similarly invites review of the same, ongoing issue because the Subpoena Proceeding laid the foundation for the Civil Enforcement Proceeding. Thus, challenging the Civil Enforcement Action circumvents the already-decided issue and seeks a third bite at the apple on the matter of retaliatory animus and targeting. Fourth and finally, the relevant State Court Decisions were rendered more than a year before this action was commenced. *Compare* Decision and Order on Motion, Subpoena Proceeding, *and People v. VDARE*, 224 A.D.3d 516, *with* Complaint. Thus, the *Rooker-Feldman* doctrine applies to VDARE's claims and bars consideration of those claims by this Court. Therefore, the PI Motion should be denied, and the Amended Complaint should be dismissed.

B.    The Court Must Abstain from Taking Any Action on Plaintiff's Claims, and Dismiss the Amended Complaint, Under the *Younger* Abstention Doctrine

Federal courts have the power to refrain from hearing cases that would interfere with a pending state civil proceeding. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). "The *Younger* abstention doctrine, which is 'grounded in interrelated principles of comity and

federalism,' provides that 'federal courts should generally refrain from enjoining or otherwise interfering in ongoing state proceedings.'" *Trump*, 2022 WL 1718951, at *8 (quoting *Spargo v. N.Y. State Comm'n on Judicial Conduct*, 351 F.3d 65, 74 (2d Cir. 2003)). "*Younger* is not a jurisdictional bar based on Article III requirements, but instead a prudential limitation on the court's exercise of jurisdiction grounded in equitable considerations of comity." *Spargo*, 351 F.3d at 74 (citing *Benavidez v. Eu*, 34 F.3d 825, 829 (9th Cir. 1994)).

*Younger* abstention is applicable in three circumstances: (1) ongoing state criminal prosecutions, (2) certain state civil enforcement proceedings "that are akin to criminal prosecutions," and (3) "pending civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions." *Id.* (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013)). Civil enforcement proceedings that are akin to criminal prosecutions can be identified by the help of three factors:

> (1) such enforcement actions "are characteristically initiated to sanction the federal plaintiff, *i.e.*, the party challenging the state action, for some wrongful act"; (2) a state actor "is routinely a party to the state proceeding and often initiates the action"; and (3) "investigations are commonly involved, often culminating in the filing of a formal complaint or charges."

*Id.* (quoting *Sprint*, 571 U.S. at 79-80).

"[B]efore invoking *Younger* a federal court may 'appropriately consider' three additional factors . . . that further counsel in favor of abstention: Whether 'there is (1) an ongoing state judicial proceeding that (2) implicates important state interests and (3) provides an adequate opportunity to raise federal challenges.'" *Cavanaugh v. Geballe*, 28 F.4th 428, 432 (2d Cir. 2022) (quoting *Sprint*, 571 U.S. at 81). These conditions "are not dispositive; they are, instead, *additional* factors appropriately considered by the federal court before invoking *Younger*." *Id.* (emphasis in original) (quoting *Sprint*, 571 U.S. at 81).

12

"[W]hen *Younger* applies, abstention is *mandatory* and its application deprives the federal court of jurisdiction in the matter." *Diamond "D" Const. Corp. v. McGowan*, 282 F.3d 191, 197 (2d Cir. 2002) (emphasis added) (citing *Colorado Water Conserv. Dist. v. United States*, 424 U.S. 800, 816 n.22 (1976)).

1.    *The Application of the* Younger *Abstention Doctrine is Appropriate in this Case*

Application of *Younger* abstention is appropriate here because the challenged actions of OAG are akin to a criminal prosecution. First, the Subpoena Proceeding was initiated pursuant to OAG's enforcement authority under NPCL § 112(b)(6), Estates, Powers & Trusts Law (EPTL) § 8-1.4(i) and the Executive Law (Exec. Law) §§ 63(12) and 175, to investigate suspected financial improprieties and misconduct committed by VDARE. *See generally* OAG Petition, Subpoena Proceeding. Also, the Civil Enforcement Action was commenced pursuant to OAG's statutory authority by the filing of a formal complaint against VDARE for alleged violations of the law, stemming from OAG's investigation and the Subpoena Proceeding. *See generally* Verified Complaint, Civil Enforcement Action.

Second, Attorney General James, acting in her official capacity, initiated both the Subpoena Proceeding and the Civil Enforcement Action. *See id.*; OAG Petition, Subpoena Proceeding. Finally, the Subpoena Proceeding and OAG Subpoena culminated in OAG filing a formal complaint against VDARE, which is currently pending. *See* Verified Complaint, Civil Enforcement Proceeding. Specifically, OAG seeks various forms of injunctive and equitable relief against VDARE for misconduct and financial improprieties discovered as part of its investigation. *Id.* ¶¶ 162-175, pp. 47-48.

The additional three considerations also call for the application of *Younger* abstention. There is a pending state proceeding—the Civil Enforcement Action. Additionally, OAG's issuance

13

of the OAG Subpoena, standing alone, constitutes an ongoing state proceeding for purposes of the *Younger* abstention analysis. *See Cuomo v. Dreamland Amusements, Inc.*, 2008 WL 4369270, at *9 (S.D.N.Y. Sept. 22, 2008) ("where subpoenas 'were issued by the Attorney General pursuant to an investigation of Plaintiffs' allegedly illegal activities, and the information sought may be used to initiate civil or criminal proceedings against Plaintiffs,' the issuance of subpoenas qualifies as an ongoing state proceeding" (quoting *J. & W. Seligman & Co., Inc. v. Spitzer*, 2007 WL 2822208, at *6 (S.D.N.Y. Sept. 27, 2007))).

The issuance of the OAG Subpoena, the Subpoena Proceeding, and the ongoing Civil Enforcement Action concern the important state interest of preventing fraud, waste, abuse, self-dealing and other improper conduct in charities, and the New York State Attorney General is expressly authorized to investigate and regulate charitable not-for-profit corporations chartered in New York for such unlawful misconduct. *See Citizens United v. Schneiderman*, 882 F.3d 374, 384 (2d Cir. 2018) (articulating important government interests in preventing fraud and self-dealing in charities); *see also J. & W. Seligman & Co., Inc.*, 2007 WL 2822208, at *6 (recognizing that Attorney General's investigation and prevention of fraudulent conduct, as well as enforcement of subpoenas, are important state interests). This important state interest is further demonstrated by the Attorney General's responsibility for overseeing the activities of New York charitable not-for-profit corporations and the conduct of their officers, directors, and key persons, in accordance with the NPCL, the EPTL, and the Exec. Law. *See* NPCL § 112; EPTL § 8-1.4(i); Exec. Law § 175; s*ee also Abrams* v. *Found. for the Homeless*, 190 A.D.2d 578 (N.Y. 1st Dept. 1993) ("the Attorney-General is clearly empowered to supervise charitable corporations").

VDARE also has an ongoing opportunity for judicial review of its constitutional claims in the Civil Enforcement Action. "New York Supreme Court has jurisdiction to entertain federal

14

constitutional claims." *Trump*, 2022 WL 1718951, at *11. The Civil Enforcement Action is still in the pleadings phase, so there is ample opportunity for VDARE to assert any affirmative defenses or counterclaims against OAG on constitutional grounds. *See* New York Civil Practice Law and Rules §§ 3011, 3019. For example, VDARE will have an opportunity to assert affirmative defenses and counterclaims against OAG in its answer. *See id.* § 3011.

Likewise, the Subpoena Proceeding afforded VDARE an adequate opportunity for judicial review of its federal constitutional claims. To the extent VDARE claims that OAG's enforcement of the OAG Subpoena is unconstitutional, VDARE could—and did—raise those issues in the Subpoena Proceeding. *See VDARE Foundation, Inc. v. James*, 2025 WL 3648783, at *4 (expressly holding that VDARE argued OAG subpoena would chill its free-association rights to the Supreme Court and the First Department, both of which rejected the argument). VDARE previously argued in the Subpoena Proceeding that the OAG Subpoena was retaliatory and violated VDARE's First Amendment rights. *See* VDARE Reply Subpoena Proceeding 4-6. VDARE could have further argued that OAG's investigation of VDARE violated selective enforcement principles of the Fourteenth Amendment. *See People v. Nat'l Rifle Assoc. of America*, 223 A.D.3d 84, 86-88 (N.Y. 1st Dept. 2023) (addressing First Amendment retaliation and selective enforcement in OAG "enforcement action"). Also, as expressly recognized by the Second Circuit, VDARE also could have asserted counterclaims in the Subpoena Proceeding or moved to quash the Subpoena. *See VDARE Foundation, Inc. v. James*, 2025 WL 3648783, at *5. Thus, VDARE had ample opportunities to raise the claims in this action in the Subpoena Proceeding. *See id.* at *6 n.7.

Based on the foregoing, *Younger* abstention applies to VDARE's claims, the the Court should abstain from acting on Plaintiff's claims, deny the PI Motion, and dismiss the Amended Complaint with prejudice.

2.    *VDARE's* England *Reservation Filed in the Civil Enforcement Proceeding Does Not Preclude Abstention*

An "*England* reservation" does nothing to prevent abstention in this matter. In *England v. Louisiana State Bd. of Med. Exam'rs*, 375 U.S. 411 (1964), the U.S. Supreme Court held, "when a federal court abstains from deciding a federal constitutional issue to enable the state courts to address an antecedent state-law issue, the plaintiff may reserve his right to return to federal court for the disposition of his federal claims." *San Remo Hotel, L.P. v. City and County of San Francisco, Cal.*, 545 U.S. 323, 339 (2005) (citing *England*, 375 U.S. at 419). "The typical *England* cases generally involve federal constitutional challenges to a state statute that can be avoided if a state court construes the statute in a particular manner." *Id.* "An *England* reservation is appropriate only when plaintiffs initially choose a federal forum to litigate their claims, but the federal court abstains . . . and sends the case to state court for an interpretation of state law." *Fulani v. MacKay*, 2007 WL 959308, at *5 (S.D.N.Y. Mar. 29, 2007) (citing *Hickerson v. City of New York,* 146 F.3d 99, 110-12 (2d Cir. 1998)). Accordingly, an *England* reservation is not applicable to *Younger* abstention because the purpose of *Younger* abstention is "to give effect to the principle that state courts have the solemn responsibility, equally with the federal courts to guard, enforce, and protect every right granted or secured by the Constitution of the United States." *Temple of Lost Sheep Inc. v. Abrams*, 930 F.2d 178, 183 (2d Cir. 1991) (quoting *Steffel v. Thompson*, 415 U.S. 452, 460-61 (1974)).

In the instant matter, the federal court did not abstain after VDARE chose to litigate in federal court. Instead, VDARE chose to litigate in state court and then filed an *England* reservation in the Civil Enforcement Proceeding. The "reservation" did not reserve any rights associated with claims first brought in federal court but instead reserved "the disposition of the entire case by the state courts and intends to secure redress in the United States District Courts." *See* Notice of

Appearance with *England* Reservation, ECF No. 33-2. This is improper as it effectively removes any ability of the state court to resolve issues squarely within its jurisdiction. *See Szoke v. Carter*, 974 F. Supp. 360, 365 n.4 (S.D.N.Y. 1997) ("If a plaintiff could avoid the preclusive effects of a state court proceeding simply by announcing her intent to reserve her federal claims, federal courts would fail to give effect to the ability of state courts to resolve federal constitutional questions and would thereby undermine one of key principles animating the *Rooker–Feldman* doctrine."). VDARE now attempts to turn *England* on its head to preclude this Court from invoking *Younger* abstention, which it cannot do. *See Temple of Lost Sheep Inc.*, 930 F.2d at 183. Therefore, VDARE's *England* reservation is simply inapplicable to this matter and does not preclude this Court from abstaining under *Younger*.

Moreover, it makes no difference that OAG initiated an action against VDARE in state court. To hold otherwise would contradict "the principle that state courts have the solemn responsibility, equally with the federal courts to guard, enforce, and protect every right granted or secured by the Constitution of the United States." *See Temple of Lost Sheep Inc.*, 930 F.2d at 183 (quoting *Steffel*, 415 U.S. at 460-61). Additionally, an *England* reservation has no application to parties that "choose to first litigate in state court, then subsequently seek to litigate federal claims in federal court in a separate action," like VDARE. *See id.* (citing *Hickerson*, 146 F.3d at 111); *see also Hickerson*, 146 F.3d at 110 ("*England* was not aimed at litigants who initially brought suit in state court"). VDARE cannot choose to litigate in state court, lose, and then bring the same claims in federal court in a separate action.[5] *See San Remo Hotel, L.P.*, 545 U.S. at 346 ("The purpose of

---

[5] VDARE attempted to use an *England* reservation in its first federal suit against Attorney General James, and it was flatly rejected on appeal. *VDARE Foundation, Inc. v. James*, 2025 WL 3648783, at *7. The Second Circuit declined to apply *England* to VDARE's case because it did not involve any "federal constitutional challenges to a state statute if a state construes the statute in a particular

17

the *England* reservation is not to grant plaintiffs a second bite at the apple"); *Fulani*, 2007 WL 959308, at *5.

      3.    *The Bad-Faith and Harassment Exceptions to* Younger *Abstention are Inapplicable*

    *Younger* abstention may be inappropriate upon a showing of bad faith, harassment, or any other unusual circumstance that would call for equitable relief. *Diamond "D" Const. Corp.*, 282 F.3d at 198-99. "[A] plaintiff who seeks to head off *Younger* abstention bears the burden of establishing that one of the exceptions applies." *Id.* at 198 (citing *Kirschner v. Klemons*, 225 F.3d 227, 235-36 (2d Cir. 2000)). Generally, in order for a federal plaintiff to invoke the bad faith or harassment exception, "the party bringing the state action must have no reasonable expectation of obtaining a favorable outcome." *Id.* at 199 (quoting *Cullen v. Fliegner*, 18 F.3d 96, 103 (2d Cir. 1994)). "To invoke this exception, the federal plaintiff must show that the state proceeding was initiated with and is animated by a retaliatory, harassing, or other illegitimate motive." *Id.* (citing *Schlagler v. Phillips,* 166 F.3d 439, 442-44 (2d Cir. 1999)). Courts have applied the bad faith exception and refused to abstain "where a prosecution or proceeding has been brought to retaliate for or to deter constitutionally protected conduct, or where a prosecution or proceeding is otherwise brought in bad faith or for the purpose to harass." *Cullen*, 18 F.3d at 103-104 (citing cases). In such cases, "the subjective motivation of the state authority in bringing the proceeding is critical to, if not determinative of, this [bad faith] inquiry." *Diamond "D" Const. Corp.*, 282 F.3d at 199 (citing *Schlagler*, 166 F.3d at 442-43). "A state proceeding that is legitimate in its purposes, but unconstitutional in its execution—even when the violations of constitutional rights are egregious—

---

manner," and VDARE invited state court review of its constitutional claims in the first instance. *Id.* (internal quotations and citations omitted). The same result is required here.

will not warrant the application of the bad faith exception." *Id.* (citing *Schlagler*, 166 F.3d at 443-44).

VDARE fails to meet its burden of demonstrating that the bad faith or harassment exceptions to *Younger* abstention apply. *See* Plf. Memo 8-9. Plaintiff's argument against abstention due to OAG's alleged "retaliatory use of process aimed at burdening protected expression" was already dispositively determined against VDARE. Both the Supreme Court and First Department assessed VDARE's constitutional arguments against enforcement of the OAG Subpoena and held that (1) VDARE's First Amendment rights were not impaired by the Subpoena, and (2) there was no support in the record that OAG conceded any retaliatory animus or was targeting it for its protective speech. Decision and Order on Motion, Subpoena Proceeding 7; *People v. VDARE Foundation, Inc.*, 224 A.D.3d at 518. The Court of Appeals also held that no constitutional question was presented on appeal. *People v. VDARE Foundation, Inc.* Mot. No. 2024-244 (N.Y. June 13, 2024). VDARE attempts to reargue this issue in the instant motion, but it is collaterally estopped from doing so. *See* Point I.C, *infra*.

Therefore, because *Younger* abstention is appropriate, and VDARE demonstrates no basis to preclude abstention, this Court must abstain from hearing VDARE's claims in this action, deny the PI Motion, and dismiss the Amended Complaint.

C.     VDARE is Collaterally Estopped from Asserting its Retaliation and Selective-Enforcement Claims Against Defendants

The doctrine of issue preclusion, i.e., collateral estoppel, "bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment." *NML Capital, Ltd. v. Banco Central de la Republica Argentina*, 652 F.3d 172, 185 (2d Cir. 2011) (quoting *New Hampshire v. Maine,* 532 U.S. 742, 748-49 (2001)). "A federal court must apply the same preclusive effect, for purposes of collateral estoppel, that a state court

would give." *Raphael v. Cnty. of Nassau*, 387 F. Supp. 2d 127, 134 (E.D.N.Y. 2005) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994)).

"Under New York law, collateral estoppel bars relitigation of an issue when (1) the identical issue necessarily was decided in the prior action and is decisive of the present action, and (2) the party to be precluded from relitigating the issue had a full and fair opportunity to litigate the issue in the prior action." *Evans v. Ottimo*, 469 F.3d 278, 281 (2d Cir. 2006) (citing *Kaufman v. Eli Lilly & Co.,* 65 N.Y.2d 449, 455-56 (1985)). Application of collateral estoppel under New York law operates "irrespective of whether the tribunals or causes of action are the same." *El-Shabazz v. State of New York Comm. on Character & Fitness for the Second Jud. Dep't*, 428 F. App'x 95, 97 (2d Cir. 2011) (summary order) (quoting *LaFleur v. Whitman*, 300 F.3d 256, 271 (2d Cir. 2002)).

1.  *Collateral Estoppel Applies to Issues in New York State Court Special Proceedings*

As a threshold matter, collateral estoppel applies to decisions under New York's special proceedings and precludes the relitigation of issues fully litigated and decided in special proceedings. *Hassig v. New York State Dept. of Env't Conservation*, 6 A.D.3d 1007, 1008 (N.Y. 3d Dept. 2004). Thus, the State Court Decisions in the Subpoena Proceeding enforcing the OAG Subpoena have preclusive effect on issues decided therein. Also, collateral estoppel is equally applicable to claims based on both the OAG Subpoena and the Civil Enforcement Action because the claims rely on the same issue of retaliatory animus.

2.  *An Identical Issue of Retaliation Was Raised and Necessarily Decided in the Subpoena Proceeding*

The issue of unconstitutional retaliation in this matter is identical to the issue raised and necessarily decided in the Subpoena Proceeding. As part of its motion to dismiss OAG's special proceeding to compel VDARE's compliance with the OAG Subpoena, VDARE argued that

20

OAG's pursuit of VDARE constituted "unconstitutional retaliation." VDARE Reply, Subpoena Proceeding 4-6. VDARE argued that OAG (1) exhibited retaliatory animus through temporal connections to its pursuit of VDARE, *id.* at 4-5; (2) misused its power to regulate and limit constitutional speech, *id.* at 5; (3) targeted "VDARE because of its speech," *id.*; and (4) demonstrated that the OAG Subpoena had a pretextual purpose of regulating VDARE's speech, *id.* at 5-6 (arguing that OAG's action "makes clear that the OAG's goal is to put VDARE out of business").

VDARE raises the exact same issue in this action by asserting causes of action for retaliation under the First Amendment and selective enforcement under the Fourteenth Amendment. *See* Am. Complaint ¶¶ 180-187, 190, 196, 199. In fact, VDARE's allegations in the Amended Complaint as to its retaliation claims echo the same arguments made in the Subpoena Proceeding. *See, e.g.*, *id.* ¶ 24 (claiming that OAG abuses its power to limit free speech with which it disagrees); ¶ 88 (asserting the purpose of OAG Subpoena was designed to "severely limit or even put an end to VDARE's First Amendment protected advocacy"); ¶ 92 (contending pretextual purpose of OAG Subpoena); ¶¶ 183, 205 (alleging OAG targeted VDARE because of its protective speech).

Similarly, VDARE's claims of selective enforcement rely on the same underlying issue of retaliation, i.e., targeting VDARE for its protected speech. *See* Am. Complaint ¶¶ 190, 212 ("Discrimination based on political speech and associates is such an impermissible standard."), ¶¶ 196, 218 ("selective targeting of VDARE is based on impermissible considerations, specifically it is based on retaliation for core protected speech"), ¶¶ 199, 221 ("Defendants['] actions were motivated by evil intent and the callous disregard of constitutional rights"). Because VDARE must establish that the selective treatment was "based on impermissible considerations such as . . . intent

to inhibit or punish the exercise of constitutional rights,'" the already-decided issue is equally applicable to VDARE's selective-enforcement claim. *See Kamholtz v. Yates Cnty.*, 350 Fed. App'x 589, 591 (2d Cir. 2009) (summary order) (quoting *LaTrieste Rest. & Cabaret Inc. v. Village of Port Chester*, 40 F.3d 587, 590 (2d Cir. 1994)).

The State Court Decisions necessarily decided the issue of targeting VDARE for protected speech in the Subpoena Proceeding when ruling on VDARE's cross motion to dismiss. Specifically, the state Supreme Court recognized that VDARE "raised constitutional objections related to the First Amendment," and held that, "[VDARE] has not established that the Subpoena would impair Respondent's own First Amendment rights." Decision and Order on Motion, Subpoena Proceeding 7. The state Supreme Court's decision was subsequently upheld on appeal to the First Department. *People v. VDARE*, 224 A.D.3d at 518. The First Department held, "[w]e find no support for [VDARE's] contention that the OAG conceded any retaliatory animus or was targeting it for its protective speech." *Id.* at 518. Thus, the identical issue of retaliation against VDARE raised in this matter was raised in, and necessarily decided in, the Subpoena Proceeding. *See D'Arata v. New York Cent. Mut. Fire Ins. Co.*, 76 N.Y.2d 659, 667 (1990) ("Generally, for 'a question to have been actually litigated' so as to satisfy the identity requirement, it 'must have been properly raised by the pleadings or otherwise placed in issue and actually determined in the prior proceeding.'" (quoting *Matter of Halyalkar v. Board of Regents,* 72 N.Y.2d 261, 268 (1988)).

### 3.  *VDARE Had a Full and Fair Opportunity to Litigate the Issue of Retaliation in the Subpoena Proceeding*

VDARE clearly had a full and fair opportunity to litigate the issue of unconstitutional retaliation. VDARE was the named party in the Subpoena Proceeding and raised the issue on its own accord in support of its cross motion to dismiss OAG's enforcement proceeding. VDARE argued its position in briefs filed with the Supreme Court and participated in oral argument on the

issue. VDARE Reply, Subpoena Proceeding 4-6; *see also* Decision and Order on Motion, Subpoena Proceeding 4 (memorializing that oral argument occurred on January 19, 2023). VDARE further appealed the issue to the First Department and moved to appeal to the Court of Appeals. *See People v. VDARE*, 224 A.D.3d at 518; *People v. VDARE Foundation, Inc.*, Motion No. 2024-244 (N.Y. June 13, 2024). Therefore, the opportunity-to-litigate element of collateral estoppel is satisfied, and VDARE is estopped from litigating the issue of retaliation in this action. *See Montoya v. JL Astoria Sound, Inc.*, 92 A.D.3d 736, 738 (N.Y. 2d Dept. 2012) ("Where a party has had a full and fair opportunity to litigate an issue, but has received an adverse final ruling on it, that party is collaterally estopped from litigating the same issue in another proceeding").

For these reasons, Plaintiff is collaterally estopped from asserting its First Amendment retaliation and Fourteenth Amendment selective-enforcement claims, and they should be dismissed.

D.    VDARE Fails to State a Selective Enforcement Claim

To state a selective enforcement claim under the Fourteenth Amendment, a plaintiff must allege (1) he was selectively treated as compared with others similarly situated, and (2) that such selective treatment was "based on impermissible considerations such as 'race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.'" *Kamholtz*, 350 Fed. App'x at 591 (summary order) (quoting *LaTrieste Rest. & Cabaret Inc.*, 40 F.3d at 590); *see also Wandering Dago, Inc. v. Destito*, 879 F.3d 20, 40 (2d Cir. 2018).

In this matter, VDARE has not and cannot establish a sufficient impermissible consideration demonstrating selective enforcement. In support of its selective enforcement claims, VDARE alleges OAG's targeting of VDARE is based on "retaliation for core protected speech." *See* Amended Complaint ¶¶ 196, 218. However, this issue was already determined in the Subpoena Proceeding, and, thus, VDARE is estopped from asserting in this action that OAG acted with

retaliatory animus while investigating or prosecuting VDARE. *See* Point I.C, *supra*. As a result, VDARE is simply unable to satisfy the necessary element of its selective enforcement claims, as a matter of well-settled law. Therefore, VDARE's PI Motion should be denied, and its selective enforcement claims should be dismissed.

### E.     VDARE Fails to State Conspiracy Claim

VDARE's conspiracy claim pursuant to 42 U.S.C. § 1985 must be dismissed for failure to state a claim. "To state a conspiracy claim under 42 U.S.C. § 1985, a plaintiff must allege (1) some racial or other class-based discriminatory animus underlying the defendants' actions; and (2) that the conspiracy was aimed at interfering with the plaintiff's protected rights." *Brill v. Ulster Cnty.*, 2025 WL 2531415, at *4 (N.D.N.Y. Sept. 3, 2025) (citation modified) (quoting *Brito v. Arthur*, 403 Fed. Appx. 620, 621 (2d Cir. 2010)). "[D]etailed allegations of the conspiracy's 'time and place' must be provided for a complaint to cross the plausibility threshold." *Id.* (quoting *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 325 (2d Cir. 2002)). "'Conclusory statements that a conspiracy is afoot are insufficient' to state a plausible claim for conspiracy." *Id.* at * 5 (quoting *Perez v. Does*, 209 F. Supp. 3d 594, 599 (W.D.N.Y. 2016)). Moreover, "a plaintiff must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end." *Kiryas Joel Alliance v. Vill. of Kiryas Joel*, 495 Fed. App'x 183, 190 (2d Cir. 2012).

"A violated constitutional right is a natural prerequisite to a claim of conspiracy to violate such right. Thus, if a plaintiff cannot sufficiently allege a violation of her rights, it follows that she cannot sustain a claim of conspiracy to violate those rights." *Brill*, 2025 WL 2531415, at 5 (citation modified) (quoting *Fitzgerald v. City of Troy, N.Y.*, 2012 WL 5986547, at *23 (N.D.N.Y. Nov. 28, 2012)). VDARE cannot sufficiently allege a violation of a constitutional right to sustain a conspiracy claim. *See* Points I.A, B, C, *supra*; *see also Brill*, 2025 WL 2531415, at 5.

24

Even if VDARE could sufficiently allege a violation of its rights, which it cannot, the allegations in the Amended Complaint do not set forth the requisite time and place of the alleged conspiracy. Instead, VDARE alleges, in conclusory fashion, a conspiracy between OAG and Anti-Defamation League (ADL). However, VDARE vaguely alleges that the agreement underlying the so-called conspiracy was made "at some point before Defendant Sawyer signed the Meta Subpoena." Am. Complaint ¶¶ 226-227. Importantly, Plaintiff's allegation that ADL attorney "[Steve] Freeman said [at a presentation] that ADL had been specifically 'working with Rick Sawyer' to go after extremists and hate online by using the powers that they (viz. the states attorneys general) [have]," is patently false. *See id.* ¶ 228. What Attorney Freeman actually said during the presentation demonstrates there was no agreement to harm VDARE: "We've also been working with Rick Sawyer . . . *to see if there are ways* the ADL can work with AGOs[6] to use the powers that they have and the information that we have through our center on extremism to go after extremists."[7] Anti-Defamation League, *Securing Democracy: Taking Hate and Extremism to Court*, at 47:52-48:07 (YouTube, Dec. 5, 2022), https://www.youtube.com/watch?app=desktop &v=ltWCcQ8nNNk. Thus, there is no alleged basis supporting a meeting of the minds between Defendant Sawyer and Attorney Freeman to support a conspiracy claim. *See Kiryas Joel Alliance*, 495 Fed. App'x at 190. Any allegations tying the other Defendants to the alleged conspiracy and claiming Defendants conspired against VDARE to violate its protected speech are purely speculative and conclusory. *See*, *e.g.*, Am. Complaint ¶ 203 ("All other Defendants knew of the

---

[6] Based on information and belief, "AGOs" refers to attorney general offices.

[7] The *Taking Hate and Extremism to Court* presentation occurred in November 2022. The OAG's subpoenas concerning VDARE were served in July 2022. If Defendant Sawyer and Attorney Freeman were not working together against VDARE in November, then they certainly were not working together in July 2022.

conspiracy"), ¶ 231 ("All Defendants joined in the conspiracy"). Therefore, VDARE fails to state a conspiracy claim pursuant § 1985, and the claim should be dismissed.

### POINT II
### VDARE FAILS TO ESTABLISH A STRONG SHOWING OF IRREPARABLE HARM IN THE ABSENCE OF INJUNCTIVE RELIEF

"In the absence of a showing of irreparable harm, a motion for a preliminary injunction should be denied." *Rodriguez by Rodriguez v. DeBuono*, 175 F.3d 227, 234 (2d Cir. 1998) (internal quotation marks and citation omitted). The Second Circuit has emphasized that irreparable harm is "the single most important prerequisite for the issuance of a preliminary injunction." *Id.* "If irreparable harm is remote, speculative or a mere possibility the motion must be denied." *Bilenker v. Broadridge Fin. Solutions*, 2018 WL 6031159, at *2 (E.D.N.Y. Nov. 16, 2018) (quoting *Dorey v. Nat'l Union Fire Ins. Co.*, 934 F.2d 30, 34 (2d Cir. 1991)). "The law of this Circuit requires the party moving for a preliminary injunction to show that it will suffer *imminent* irreparable harm," *Jayaraj v. Scappity*, 66 F.3d 36, 40 (2d Cir. 1995) (emphasis added), and that it "*must do so with evidence*, and may not rely on vague claims of potential harm." *Utica Mut. Ins. Co. v. INA Reinsurance Co.*, 2012 WL 12874471, at *5 (N.D.N.Y. Nov. 6, 2012) (quoting *Caldwell Mfg. Co. North America, LLC v. Amesbury Group, Inc.*, 2011 WL 3555833, at *3 (W.D.N.Y. Aug. 11, 2011)) (emphasis added). An application for preliminary injunctive relief must be supported by "competent admissible evidence," such as sworn affidavits, and not just unverified allegations of the pleadings and motion papers. *See Anderson v. Mexico Academy and Central School*, 186 F. Supp. 2d 193, 202, 209 (N.D.N.Y. 2002).

VDARE gives mere lip service to the element of irreparable harm by alleging in conclusory fashion that it is subject to irreparable harm through "First-Amendment injury." Plf. Memo 2, 4. However, courts "have not consistently presumed irreparable harm in cases involving allegations of the abridgement of First Amendment rights." *Bronx Household of Faith v. Bd. of Educ. of City*

*of New York*, 331 F.3d 342, 349 (2d Cir. 2003). Here, VDARE cannot establish irreparable harm because VDARE cannot establish a First Amendment violation. *See Anderson*, 186 F. Supp. 2d at 202 (holding that irreparable harm from violation of First Amendment could only be established if moving party can sustain claim for First Amendment violation); Points I.A, B, C, *supra*. VDARE cannot establish a First Amendment violation in this case because the Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine, the Court's exercise of jurisdiction is precluded pursuant to the *Younger* abstention doctrine, and VDARE is collaterally estopped from asserting any such claim. *See* Points I.A, B, C, *supra*. Also, VDARE seeks monetary relief from the alleged violations of its First Amendment rights in the Amended Complaint, and economic loss does not constitute irreparable harm. *See Andre-Rodney v. Hochul*, 569 F. Supp. 3d 128, 142 (N.D.N.Y. 2023) (holding economic loss from alleged constitutional violations did not constitute irreparable harm).

Furthermore, Plaintiff's alleged First-Amendment injury is not "actual and imminent." *See Reyes*, 141 F.4th at 67. OAG is not taking any action against VDARE based on its exercise of First Amendment rights; VDARE simply makes this claim without submitting any admissible evidence to support it. The Subpoena Proceeding did not infringe on VDARE's First Amendment rights. *See* Decision and Order on Motion, Subpoena Proceeding 6-7; *People v. VDARE*, 224 A.D.3d at 518. VDARE was free to continue operating and publishing its content after receiving and responding to the OAG Subpoena. To the extent VDARE is claiming a First Amendment harm from the Civil Enforcement Proceeding, that claim is belied by VDARE, which voluntarily elected to suspend its operations and close its website in July 2024. *See* Verified Complaint, Civil Enforcement Proceeding ¶ 9; *see also* VDARE.com. OAG's claim seeking the formal dissolution of VDARE in accordance with applicable law imposes no further harm and, in any event, is not

actual and imminent. VDARE has a fair and equitable opportunity to defend itself in the Civil Enforcement Action.

The cases cited by VDARE in support of irreparable harm are unpersuasive. *See Elrod v. Burns*, 427 U.S. 347, 372-74 (1976) (holding municipal employees demonstrated a likelihood of success on the merits because "the practice of patronage dismissals is unconstitutional under the First and Fourteenth Amendments," and there was imminent harm in the form of loss of, or threatened loss of, municipal employment due to the loss of First Amendment freedoms); *New York Progress and Protection PAC v. Walsh*, 733 F.3d 483 (2d Cir. 2013) (holding the political-action-committee (PAC) plaintiff demonstrated a likelihood of success on the merits of its First Amendment claim based on an attempt to limit political contributions to PACs and the PAC established irreparable harm because it was seeking to engage in political speech in an upcoming election, and it was limited from doing so under the relevant section of the Election Law). In the cases cited by VDARE, the action taken against the plaintiffs was neither disputed nor pretextual, and the plaintiffs suffered direct, actual harm to their First Amendment rights. Also, there was a risk of imminent, irreparable harm (*i.e.*, the loss of employment and loss of ability to contribute political funds to upcoming election). None of the circumstances in the cases cited by VDARE are present here. Therefore, VDARE's PI Motion should be denied because VDARE fails to establish it is likely to suffer imminent harm in the absence of an injunction.

## POINT III
## THE BALANCING OF EQUITIES FAVORS DEFENDANTS

The equities and public interest prongs of the preliminary injunction standard, which "merge when the Government is the opposing party," weigh in Defendants' favor. *See Nken*, 556 U.S. at 435. The public has a legitimate, indeed an overwhelming, interest in the enforcement of laws against charitable not-for-profit corporations formed under New York law that have engaged

in misconduct. *See Citizens United v. Schneiderman*, 115 F. Supp. 3d 457, 474 (S.D.N.Y. 2015) ("the public has a strong interest in the enforcement of laws that protect it from unscrupulous charities"). Such enforcement is the legitimate motivation underlying both the Subpoena Proceeding and the Civil Enforcement Action. While VDARE continues to push its false narrative that OAG's actions are a pretext for chilling VDARE's free speech, there is absolutely no evidence of any such purpose. *See* Decision and Order on Motion, Subpoena Proceeding 6-7; *People v. VDARE Foundation, Inc.*, 224 A.D.3d at 518. VDARE's allegations of pretext amount to nothing more than conclusory allegations, which are insufficient to support a request for a preliminary injunction. *See Johnson v. Tucker*, 2021 WL 241962, at *2 (W.D.N.Y. Jan. 25, 2021) (denying request for preliminary injunction and temporary restraining order because allegations of pretext were conclusory). Therefore, the equities balance in Defendants' favor, and VDARE's PI Motion should be dismissed.

## CONCLUSION

Pursuant to the foregoing, VDARE's Motion for a Preliminary Injunction should be denied, and the Amended Complaint should be dismissed in its entirety with prejudice, together with such other and further relief this Honorable Court deems just, proper, and equitable.

Dated: Albany, New York
      January 6, 2026

                                         LETITIA JAMES
                                         New York State Attorney General
                                         Attorney for Defendants Letitia James and
                                              Richard Sawyer
                                         The Capitol
                                         Albany, New York 12224

                                         By: _____
                                         Matthew J. Gallagher
                                         Assistant Attorney General

Bar Roll No. 701111
Telephone: (518) 776-2284
Fax: (518) 915-7734 (Not for service of papers)
Email: Matthew.Gallagher@ag.ny.gov

TO:    Frederick C. Kelly, Esq.
       Attorney for Plaintiff
       1 Harriman Square
       P.O. Box 60
       Goshen, NY 10924
       (*via ECF*)