*Frederick C. Kelly*
*Attorney at Law*
*One Harriman Square*
*Goshen, New York*
*845 294-7945* ◆ *Fax 845 294-7889*
*fckellylaw@protonmail.com*
*Service by electronic means is not accepted.*

Honorable Mae D'Agostino
Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway, Courtroom 5
Albany, NY 12207

September 25, 2026 *Via ECF*

Re: VDARE Foundation, Inc v. James et al
Case No. 25-cv-810

Dear Judge D'Agostino:

This office represents Plaintiff VDARE Foundation, Inc. in the above case.

VDARE will soon perfect its appeal in the Second Circuit and intends again to file for injunctive relief pursuant to FRAP 8. That relief would prevent the New York Attorney General from moving forward with a bad faith New York State Civil Enforcement Action ("James v. VDARE Foundation, Inc., New York Supreme Index No. 452397/2025") *pending appeal*.

Under FRAP 8 (a)(1)(C) it is appropriate, where not futile, to first request such relief in the district court. Your own rules require a pre-motion letter for injunctive relief; hence this filing.

Owing to speech at the core of the First Amendment (*DE. 32, p. 3; DE. 33, p. 6; DE. 33-4; DE. 33-5; DE. 33-6*), VDARE has been targeted for years by the New York Attorney General's Office. *DE. 32, pp. 1-3, 7-8; DE. 33, pp. 2-5*. This is a crucial point which the New

York Attorney General's Office did not even bother to deny on the prior motion for injunctive relief, instead relying on legal hermeneutics, such as *Younger* abstention or collateral estoppel.

Although this Court found abstention proper under Rule 12(b)(1) and dismissed VDARE's request for injunctive relief as moot, we respectfully submit these are errors.

First, this Court could not have dismissed under Rule 12(b)(1) on abstention grounds because the act of abstaining presumes that subject matter jurisdiction is proper. *Deem v. DiMella-Deem*, 941 F.3d 618, 623-23 (2d Cir. 2019). "A district court by definition abuses its discretion when it makes an error of law." *Koon v. U.S.*, 518 U.S. 81, 100 (1996); *see also, Cordes Financial Services v. A.G. Edwards & Sons*, 502 F.3d 91, 98 (2d Cir. 2007). Unquestionably this Court has jurisdiction to consider VDARE's First Amendment claims. *First Choice Women's Resource Centers v. Davenport*, 608 U.S. 174, 191-2 (2026).

Second, under *Cullen v. Fliegner*, 18 F.3d 96 (2d Cir. 1994) and related precedent bad faith can be established by *either* a proceeding which holds no reasonable hope of success *or* one brought to retaliate for the exercise of First Amendment rights. And retaliatory intent is the more decisive factor. *Diamond "D" Const. Corp. v. McGowan,* 282 F.3d 191, 199 (2d Cir. 2002). Abstention is improper even where there is a parallel state court proceeding because the "'right not to be subjected to a bad faith prosecution or a prosecution brought for purposes of harassment'" "'cannot be vindicated by undergoing the prosecution.'" *Wilson v. Thompson*, 593 F.2d 1375, 138 (5th Cir. 1979). Your decision does not address these points.

Third, this Court's unstated finding of collateral estoppel is another misapplication of law. None of the evidence presented – most notably AAG Sawyer's remarks to the ADL panel, the copious evidence of selective enforcement supplied by AAG Heinberg's Affirmation, and the numerous public filings pertaining to Bushwick and CORE – was ever considered by any other

tribunal. That evidence is new, just as the Civil Enforcement Action is new. Put simply, prior determinations in different proceedings involving different parties, different evidence, and different events do not "for all time and in all circumstances insulate their conduct from similar claims." *Bansbach v. Zinn*, 1 N.Y.3d 1, 11 (2003).

Finally, Defendants' concession on the evidence is the key factor in deciding the request for injunctive relief – for the reasons VDARE has already offered on the prior motion. *See also, Agudath Israel of Am. v. Cuomo*, 980 F.3d 222 (2d Cir. 2020): "Appellants presented unrebutted evidence that the executive order will prevent their congregants from freely exercising their religion." *Id.* at 231 (Park, J., *dissenting*) (*rev'd* 141 S.Ct 889 (2020)). There is no question that being harassed with bad faith litigation is an irreparable injury: "All this is more than enough to establish injury in fact under our precedents. An injury in fact does not arise only when a defendant causes a tangible harm to a plaintiff, like a physical injury or monetary loss. It can also arise when a defendant burdens a plaintiff 's constitutional rights." *First Choice Women's Resource Centers v. Davenport*, 608 U.S. at 189.

As previously stated, it is not only VDARE's free speech rights which are at issue. The un-rebutted evidence shows that the New York Attorney General's Office is leading a conspiracy with other state attorneys general to abuse government power to target speakers on the basis of viewpoint *(DE. 33, pp. 2, 4-6)* in direct defiance of *R.A.V. v. City of St. Paul*, 505 U.S. 377, 386 (1992).

In other words, the Court is poised atop a massive interstate scandal, the exact extent of which remains unknown, with VDARE as only the tip of the iceberg.

But unless this Court steps in to issue injunctive relief pursuant to FRAP 8 VDARE will continue to suffer suppression.

VDARE is prepared to submit an Order to Show Cause seeking a TRO and injunctive relief pending appeal in accordance with FRAP 8 on a single day's notice.

If VDARE's efforts here would be futile, please so indicate and VDARE will immediately proceed to the Second Circuit. If not, kindly set a schedule at your earliest convenience for the submission of VDARE's Order to Show Cause.

I thank you and remain

Very truly yours,

/s/
Frederick C. Kelly, Esq.

cc: Matthew Gallagher, Esq. *Via ECF* *AAG/Counsel for Defendants*
David White, Esq. *Via ECF* *AAG/Counsel for Defendants*