**Office of the New York State Attorney General**

**Letitia James**
**Attorney General**

September 28, 2026

*Via ECF*

Honorable Mae A. D'Agostino
United States District Court for the Northern District of New York
445 Broadway
Albany, New York 12207

Re: *VDARE Foundation, Inc. v. Letitia James et al.*,
Index No. 1:25-CV-0810 (MAD/ML)

Dear Judge D'Agostino,

This Office represents Defendants in the above-referenced matter. Defendants respectfully submit this letter in response to Plaintiff, VDARE Foundation, Inc.'s (VDARE) pre-motion letter seeking leave to file a motion for injunctive relief staying the underlying state court matter pending appeal. *See* Pre-Motion Letter, Dkt. No. 57 (Pre-Motion Letter).

VDARE should not be granted leave to move for a preliminary injunction pending appeal in this Court because any such motion would be futile. "When the district court's order demonstrates commitment to a particular resolution, application for a stay from that same district court may be futile and hence impracticable." *Chem. Weapons Working Grp. v. Dep't of the Army*, 101 F.3d 1360, 1362 (10th Cir. 1996). Futility and impracticality are obvious in this instance where VDARE, in seeking an injunction pending appeal, essentially asks this Court to reconsider its prior ruling on abstention, reverse said ruling, then reconsider and grant preliminary relief that has already been denied. Therefore, VDARE's request for leave should be denied.

Granting an injunction pending appeal would violate *Younger v. Harris*, 401 U.S. 37 (1971). The Supreme Court of the United States has expressly recognized that when there is a parallel, pending state proceeding akin to criminal prosecutions, "federal courts must refrain from enjoining the state prosecution." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013). This Court already followed that instruction by abstaining from this matter pursuant to *Younger*, and denying VDARE's request for an injunction staying the underlying state court matter. *See generally* Memorandum-Decision and Order, Dkt. No. 53 (Dec. & Order). Indeed, one of the purposes of *Younger* is to "avoid unnecessary friction" between federal and state courts. *See Dorsett-Felicelli, Inc. v. Cnty. of Clinton*, 349 F. Supp. 2d 355, 360 (N.D.N.Y. 2004) ("*Younger* generally prohibits courts from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings so as to avoid unnecessary friction." (quoting *Spargo v. N.Y. Comm'n on Judicial Conduct*, 351 F.3d 65, 74 (2d Cir. 2003))). Granting VDARE an injunction at this stage would nullify the Court's prior decision to abstain as well as its denial of VDARE's motion for a preliminary injunction. It would also violate the principle and purpose of *Younger* abstention by expressly creating "unnecessary friction." *See id.* Accordingly, VDARE's request for leave to file a motion for injunctive relief pending appeal should be denied.

The impracticality of issuing an injunction in a case where a court previously abstained is further demonstrated by case law. When overturning decisions where a district court declines to abstain and grants injunctive relief, the Second Circuit orders that the injunction be vacated and remands the matter to the district court with instructions to abstain. *See, e.g.*, *Spargo*, 351 F.3d at 85-86 (vacating judgment and injunction and remanding to district court with instructions to abstain from exercising jurisdiction pursuant to *Younger*); *Schlagler v. Phillips*, 166 F.3d 439, 444 (2d Cir. 1999) (holding that *Younger* abstention applied, vacating the district court's judgment and

injunction, and remanding to the district court with instructions to abstain). In *Spargo* and *Schlagler*, the Second Circuit did not vacate a judgment while ordering the district court to abstain but leave the injunction in place, as that would be impracticable. Thus, for the Court to abstain from jurisdiction but grant an injunction would be impracticable.

VDARE's substantive arguments do not support the grant of leave to file its motion. VDARE states that the Court "could not have dismissed . . . on abstention grounds," but provides no reason why abstention was improper. *See* Pre-Motion Letter 2. Contrary to VDARE's argument that the Court did not address certain bad-faith considerations, the Court's bad-faith analysis was comprehensive and expressly addressed the issues VDARE raises now. *Compare* Pre-Motion Letter 2 (claiming that the Court did not address the retaliatory-intent factor of the bad faith exception), *with* Dec. & Order 22-24 (expressly holding that VDARE did not meet its burden to establish that the state court proceedings were commenced for the purpose of retaliation.). VDARE's claim that the "Court's unstated finding of collateral estoppel is another misapplication of law" is unfounded because the Court did not previously apply collateral estoppel nor did it rely on it at any point. *See* Pre-Motion Letter 2-3. Defendants have not conceded any evidence bearing on any issues of bias, retaliation, harassment, wrongdoing, or the like that would affect this Court's prior decisions. Finally, VDARE's allegations that this Office is "leading a conspiracy with other state attorneys general to abuse government power to target speakers on the basis of viewpoint" and "poised atop a massive interstate scandal" are too absurd to even warrant a response at this juncture.

For the foregoing reasons, Defendants respectfully request that this Honorable Court deny VDARE's request for leave to file a motion for an injunction pending appeal and save Defendants from having to expend time and resources on the efforts of a futile preliminary injunction motion.

Respectfully,

By: Matthew J. Gallagher Digitally signed by Matthew J. Gallagher Date: 2026.09.28 16:14:40 -04'00'

Matthew J. Gallagher
Assistant Attorney General
Bar Roll No. 701111
Telephone: 518-776-2284
Email: Matthew.Gallagher@ag.ny.gov

CC: All Attorneys of Record
(*via ECF*)